PAULO, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA,
RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de venta de condominio.

No. 255.—Resuelto en diciembre 10, 1915.

TÍTULO DE HEREDERO—INSCRIPCIÓN EN EL REGISTRO—VENTA DE BIENES NO INSCRITOS AÚN A FAVOR DE LOS HEREDEROS.—Cuando los herederos sólo tienen inscrito en el registro su título de herencia intestada en común y proindiviso con el cónyuge viudo en relación a determinada finca del haber hereditario, solamente pueden enajenar ese derecho indefinido e indeterminado según aparece del registro, pero no un condominio igual a la mitad del valor de dicha finca, el que, no estando inscrito a favor del vendedor, tampoco puede inscribirse a favor del comprador por impedirlo el artículo 20 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. V. F. Rodríguez Ortiz.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura pública otorgada en el pueblo de Cayey a 9 de junio de 1915 ante el Notario Vicente Ferrer Rodríguez y Ortiz, los hermanos Dolores y Rafael María Cortés vendieron a Pedro Paulo Duque el derecho de condominio que dicen tener sobre una finca rústica de cuatro cuerdas de terreno radicada en el término municipal de dicho pueblo, derecho de condominio que se hace consistir por aquéllos en la mitad del valor de la expresada finca, la cual había sido adquirida por Joaquín Vázquez durante su matrimonio con Belén Cortés madre natural ya fallecida de los otorgantes Dolores y Rafael María Cortés.

Presentada dicha escritura en el Registro de la Propiedad de Guayama para su inscripción, fué ésta denegada por medio de nota que dice así:

"Denegada la inscripción de este documento por no hallarse inscrito el condominio de una mitad que de la finca se enajena, a favor de los vendedores Doña Dolores y Don Rafael María Cortés y sí sólo su derecho hereditario proindiviso conjuntamente con el cónyuge viudo Don Joaquín Vázquez quien no ha comparecido al otorgamiento de la escritura, tomándose anotación preventiva de la denegación al folio 27 vuelto del tomo treintidós de Cayey, finca No. 1817, anotación letra A. Guayama, octubre veinte y ocho de mil novecientos quince. El registrador, Rafael Tirado Verrier."

Contra esa nota interpuso el comprador Pedro Paulo Duque recurso gubernativo para ante esta Corte Suprema.

Para mejor resolución del caso, por orden de esta corte, elevó el Registrador de la Propiedad de Guayama copia certificada de la inscripción del derecho hereditario sobre la finca de que se trata a favor de Dolores y Rafael María Cortés en unión del cónyuge viudo Joaquín Vázquez, y de la certificación resulta que por resolución de la Corte de Distrito de Guayama de 21 de mayo, 1915, fueron declarados Dolores y Rafael María Cortés únicos universales herederos de su difunta madre Doña Belén Cortés por partes iguales, y el cónyuge viudo Joaquín Vázquez en la cuota que le asigna la ley, en cuya virtud Dolores y Rafael María Cortés inscribieron en el registro *su título de herencia intestada en común proindiviso con el Joaquín Vázquez,* siendo de notar que con copia de la orden de declaratoria de herederos fué presentada en el registro una solicitud en que se valoraba en $50 la parte de la finca correspondiente a Belén Cortés.

Estimamos ajustada a derecho la nota recurrida, pues los vendedores Dolores y Rafael María Cortés sólo tienen inscrito en el registro su título de herencia intestada en común proindiviso con Joaquín Vázquez o, como dice el registrador, un derecho hereditario proindiviso conjuntamente con el cónyuge viudo Joaquín Vázquez, y siendo ello así no tienen sobre

la finca de que se trata según afirman, un condominio igual a la mitad del valor de ella.

Ese derecho hereditario indefinido e indeterminado, así inscrito en el registro, es el que han podido enajenar los hermanos Cortés, pero no un condominio igual a la mitad del valor de la finca que no aparece inscrito a su favor y que tampoco puede inscribirse a favor del comprador por impedirlo el artículo 20 de la Ley Hipotecaria, preceptivo de que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.