ROSSY, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN 2ª., RECURRIDO.

RECURSO gubernativo contra notas del Registrador de la Propiedad de San Juan, Sección 2ª., denegando la inscripción de dos escrituras, una sobre división de bienes, y la otra sobre revocación de donación *mortis causae,* venta de terreno y cesión de derechos y acciones de herencia, y bienes gananciales.

No. 253.—Resuelto en febrero 25, 1916.

RESCISIÓN DE COMPRAVENTA—ESTADO CIVIL DEL COMPRADOR—CONSENTIMIENTO—INSCRIPCIÓN EN EL REGISTRO.—Cuando de la escritura de rescisión presentada al registro aparece que la persona que rescinde la compra está casada, no puede ser inscrito el documento a no ser que se acredite que el estado civil que tenía el comprador en la fecha de adquisición no hace necesario el consentimiento de su consorte.

INSCRIPCIÓN DE TÍTULOS—BIENES INSCRITOS A FAVOR DE OTRA PERSONA.—Inscrito un derecho en el registro de la propiedad a favor de una persona, para que otra pueda disponer de él es necesario que inscriba su título de adquisición.

División de Bienes—Participaciones—Cláusulas Contradictorias.—Entre una cláusula de un contrato por la cual se acuerda dividir determinada finca por partes iguales y otra cláusula en la cual se consigna que la división se hará deduciendo cierta parte de la finca para otra persona, no hay contradicción y no puede sostenerse que no aparece claramente determinada la participación que a cada una corresponda.

Venta de Participaciones—Contrato de Transacción—Inscripción Previa a Favor del Vendedor.—Procede correctamente un registrador al negar la inscripción de una escritura de venta de una tercera parte de una finca adquirida por un contrato de transacción, cuando no aparece el vendedor dueño de tal participación en el registro, por haber dejado de inscribir previamente dicho contrato de transacción.

Bienes Gananciales—Disolución del Matrimonio por Muerte de uno de los Cónyuges—Herencia—Derecho a la Mitad de la Propiedad.—Por la muerte de uno de los cónyuges nace en el viudo, en relación con la disolución del matrimonio, el derecho a la plena propiedad de la mitad de los bienes que una vez liquidada la sociedad conyugal resulten ser gananciales, pero por el solo hecho de la muerte del cónyuge no llega a ser dueño el viudo de una mitad de la propiedad, ni puede disponer como suya de tal mitad, o de menos de ella, aunque puede ceder sus derechos en la misma.

Id.—División de Bienes en Comunidad—Consentimiento de los Condueños—Enajenación.—Si bien es cierto que un condueño no puede hacer la división de la cosa común sin el consentimiento y aprobación de los demás, como la escritura en este caso no contiene descripción de la parte que se enajena, sino que la vendedora se limita a enajenar lo que le corresponde según un contrato de transacción, no puede decirse que haya practicado la división de la finca.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El registrador recurrido, Sr. José Marcial López, compareció también en nombre propio.

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

Clemente González Rivera murió en 1897 con testamento en el cual después de declarar que eran gananciales los bienes que dejaba y que carecía de descendientes nombró heredera suya usufructuaria por toda su vida y también por la cuota vidual a su esposa María Dolores Rivera García, y en propiedad para después de la muerte de ésta, a Inés del Carmen Amador y a Ruperta de Jesús Amador por partes iguales: dispuso que si alguno de estos herederos le premuriese, lo sustituyesen sus respectivos descendientes; hizo algunos legados en metálico para ser entregados después de la muerte

de su esposa y ordenó que se practicara la liquidación de su herencia. Presentado el testamento en el Registro de la Propiedad de San Juan, Sección 2ª., el registrador hizo la inscripción en favor de los herederos en dos fincas registradas a nombre del causante, una de noventa cuerdas y otra de treinta, en la siguiente forma: a favor de la viuda una parte indeterminada en plena propiedad por el concepto de gananciales y también el usufructo de otra parte indeterminada por herencia de su esposo y por su cuota vidual, y a favor de Ruperta de Jesús Amador y de Inés del Carmen Amador por partes iguales y en concepto de herencia la nuda propiedad de la porción indeterminada que en usufructo corresponde a la viuda.

En 26 de mayo de 1907, la viuda María Dolores Rivera García, Inés del Carmen Amador, casado con Antonia Vázquez y José Vázquez como padre legítimo de sus hijas Matilde y María del Pilar Vázquez y Amador, habidas en su primer matrimonio con su difunta esposa Ruperta Amador y representándolos por su minoría de edad, celebraron un contrato de transacción en el cual, después de hacer referencia al testamento de Clemente González Rivera, de consignar que a la muerte de éste sólo quedó una finca de noventa cuerdas que describen y algunos semovientes y que en otra escritura de seis de diciembre anterior la viuda vendió a Inés del Carmen Amador por precio que confesó recibido la mitad proindivisa de la finca de noventa cuerdas y el usufructo de la otra mitad, escritura que no fué presentada al registro, para evitar mayores disgustos de los que habían tenido y vivir en buena armonía, convinieron en lo siguiente: 1º. dar por consumidos los semovientes, desistiendo de sus derechos en ellos; 2º. la viuda e Inés del Carmen Amador rescindieron la venta mencionada y se devolvieron recíprocamente lo que por ella habían adquirido; 3º. que la finca descrita se dividirá en tres partes iguales, teniendo en cuenta el valor de cada cuerda de terreno según el sitio en que se encuentre y que cada uno entrará en posesión de su parte en la forma que se dirá más

adelante; 4°. la viuda donó su tercera parte, para después de su muerte, a Inés del Carmen Amador y a las hijas de Ruperta; 5°. acordaron que el abogado Don Manuel F. Rossy les arregle sus asuntos practicando la mensura de la finca por medio de un perito y entregando a cada una de las partes otorgantes su parte con su título, y distribuyendo luego' la parte de la viuda cuando muera en la forma que dice la cláusula precedente; y que para pagar al abogado sus honorarios y los gastos que por ellos haga, se separara un pedazo de terreno bastante a cubrirlos, que se les entregará mediante escritura; 6°. que toda la finca responda de los legados; 7°. segregaron de la finca un lote de cinco cuerdas que la viuda había vendido a Rafael Burgos como parte de su propiedad indivisa por gananciales, cuya venta ratifican todos los otorgantes.

Presentada esa escritura en el registro para su inscripción, el registrador la negó por los motivos que aparecen de la nota puesta al pie del documento, la que dice así:

''Denegada la inscripción del precedente documento y tomada en su lugar anotación preventiva por término de 120 días que la ley señala, al folio 36 del tomo 1°. de Bayamón, finca número 7, anotación letra A, cuya denegatoria la motivan los siguientes defectos insubsanables: *Primero:* en esta escritura se expresa que la viuda doña María Dolores Rivera vendió a don Inés del Carmen Amador la mitad proindivisa de la finca a que este documento se refiere y el usufructo de la otra mitad, lo que constituye la venta de partes determinadas de la misma, cuando del registro aparece que dicha Señora sólo tiene inscritas a su favor, parte en plena propiedad y parte en usufructo, participaciones indeterminadas en dicha finca por no haberse hecho la liquidación de la sociedad conyugal según dispuso don Clemente González en su testamento. *Segundo:* que si bien la escritura de esa venta a favor del Señor Amador no ha sido presentada, por lo cual no puede calificarse, la mención de esa venta en la escritura que precede, constituye una reserva de ese derecho que debe hacerse constar en la inscripción y que, como es consiguiente, obstaculiza el registro de esta escritura, pues si bien en ella' el don José del Carmen Amador y la viuda señora Rivera dejan sin efecto la ameritada venta, no se acredita el estado que tenía el señor Amador

cuando efectuó la adquisición, por lo cual debe estimarse como hecha para la sociedad de gananciales con su esposa doña Antonia Vázquez, en cuyo caso esta señora ha debido consentir en la anulación o rescisión de dicha venta. *Tercero:* en esta escritura comparece don José Vázquez como padre de los menores Matilde y María del Pilar Vázquez hijas de doña Ruperta de Jesús Amador, a cuyo favor aparece registrada la nuda propiedad de una parte indeterminada de la aludida finca, por lo cual debe inscribirse previamente ese derecho a favor de los herederos de doña Ruperta de Jesús Amador. *Y cuarto:* no se determina en esta escritura, de manera clara, la participación que por virtud de ella adquiere cada interesado en la referida finca, pues si bien en el hecho 3º. de dicha escritura se expresa que la finca se dividirá en tres partes iguales teniendo en cuenta el valor de cada cuerda de terreno según el sitio en que se encuentre, y que cada interesado entrará en posesión de lo que le pertenece, esto está en contradicción con lo expuesto en el hecho 7º. según el cual, de la referida finca corresponden a don Rafael Burgos las cinco cuerdas que en dicho hecho se describen. San Juan, P. R., septiembre 20 de 1915. José Marcial López, Registrador.''

En 25 de febrero de 1911 la viuda María Dolores Rivera y el abogado Don Manuel F. Rossy, celebraron un contrato en el cual, dejando la expresada viuda sin efecto la donación que para después de su muerte había hecho a favor de Inés del Carmen Amador y de las hijas de Ruperta Amador, consignada en la escritura antes referida, vende, cede y traspasa la tercera parte que por la misma le correspondía junto con los derechos y acciones que tiene en la herencia de su esposo Clemente González y en su parte de gananciales por su matrimonio y los productos y utilidades de tales bienes, a favor de Don Manuel F. Rossy por la cantidad de seiscientos pesos pagaderos en la forma y en las fechas que en el contrato se expresan, venta que hace sin perjuicio de la parte de la finca de noventa cuerdas que ha de entregarse al Sr. Rossy, según la cláusula 5ª. de la escritura antes reseñada. La inscripción de este documento fué también negada por el registrador por los siguientes motivos:

''Denegada la inscripción del precedente documento y tomada en su lugar anotación preventiva, por el término de ciento veinte

días que la ley señala, al folio 185 del tomo 49 de Bayamón, finca número 7 duplicado, anotación letra B, cuya denegatoria ha sido motivada por los defectos insubsanables de que resultando que doña María Dolores Rivera sólo tiene inscritas a su favor dos participaciones en la finca objeto de esta escritura, una indeterminada en plena propiedad, y otra, también indeterminada, en usufructo, no puede vender la tercera parte de dicha finca, pues si bien la expresada Señora, en unión de otras personas, otorgaron una escritura de transacción, según la cual correspondió a la citada transferente una tercera parte de la referida finca, ese documento no fué inscrito por las razones expuestas en la anotación letra A de la misma, y por resultar además, del hecho cuarto de este documento, que los otorgantes manifiestan que la finca aludida se dividirá en tres parcelas iguales después de deducida la parte que, según la escritura de transacción, corresponde al Sr. Rossy, y que una de esas parcelas correspondiente a doña María Dolores Rivera es la que vende esta señora a don Manuel F. Rossy, cuya división no puede hacerse sin el consentimiento y aprobación de los demás condueños. San Juan, P. R., septiembre 20 de 1915. José Marcial López, Registrador.''

Contra ambas negativas de inscripción interpuso el Sr. Rossy en tiempo oportuno el presente recurso gubernativo, con súplica de que las revoquemos y ordenemos la inscripción del documento expresado.

Consideraremos las cuestiones propuestas en el orden en que han sido reseñadas.

El primer motivo que alega el registrador para negar la inscripción del documento de 1907 es en pocas palabras, que en éste se expresa que en fecha anterior la viuda vendió a Inés del Carmen Amador la mitad proindivisa de la finca y el usufructo de la otra mitad, cuando sólo tiene inscritas en el registro participaciones indeterminadas. Sin embargo esa escritura de venta no está sometida a la calificación del registrador, como así él lo reconoce en el segundo motivo de la negativa y, por tanto, no es el momento de resolver si la viuda pudo verificar la venta en la forma que lo hizo y por consiguiente el defecto que pueda contener tal venta no puede servir de obstáculo al documento de 1907.

En cuanto al segundo motivo que sirve al registrador para

negar la inscripción del documento lo encontramos justificado, pues siendo indudable que la adquisición hecha por título oneroso durante el matrimonio por alguno de los consortes no puede ser rescindida sin el consentimiento de ambos y apareciendo del documento que consideramos que Inés del Carmen Amador estaba casado con Antonia Vázquez cuando rescindió la compra que hizo a la viuda, no puede ser inscrita esta rescisión sin el consentimiento de la esposa, a menos que se acredite que el estado civil que tenía el comprador en la fecha de la adquisición no lo hacía necesario, dato que no resulta de la relación que se hace de la compra en el título presentado a inscripción.

Con respecto al tercer defecto también tiene razón el registrador al negar la inscripción por el fundamento en que basa su negativa pues apareciendo de sus libros que Ruperta Amador inscribió su derecho hereditario en la finca en cuestión, para que pueda inscribirse cualquier contrato que sobre esos derechos celebre otra persona es necesario que se inscriba previamente el título en virtud del cual adquirió de Ruperta Amador; y como en la escritura que estamos considerando no interviene Ruperta Amador, sino que dos hijas suyas, representadas por el padre, son las que contratan como únicas dueñas de la participación de Ruperta, es necesario que inscriban en el registro su título de adquisición antes de que pueda inscribirse el contrato que respecto de ella hagan.

El cuarto y último motivo que tiene el registrador para negar la inscripción es que no aparece de manera clara de la escritura la participación que adquiere cada interesado por existir contradicción entre dos de sus cláusulas, pues mientras la tercera dice que la finca se dividirá en tres partes, la séptima expresa que cinco cuerdas corresponden a Rafael Burgos por haberle sido vendidas.

Nosotros no encontramos tal contradicción. Lo que convinieron los otorgantes fué dividir la finca entre los tres por partes iguales, sin las cinco cuerdas que segregaron para Burgos y como esta imaginaria contradicción es lo único que

sirve de base al registrador para llegar a la conclusión de que no está claramente determinada la participación que adquiere cada otorgante, no podemos sostener la negativa de inscripción por ese motivo.

Por el otro documento denegado trata el Sr. Rossy de que se inscriba la venta que la viuda le hizo en el año 1911 de la tercera parte que adquirió por el contrato de transacción de que dejamos hecho mérito y que no está inscrito. Por este contrato la viuda adquiere una tercera parte de toda la finca de 90 cuerdas, deduciendo de éstas las cinco vendidas a Burgos, o lo que es lo mismo una tercera parte de 85 cuerdas, que es lo que vende a Rossy, pero como el contrato por el cual adquiere esa tercera parte no está inscrito, no resulta la vendedora dueña de tal participación en el registro, por lo que el registrador procedió correctamente al negar la inscripción de esa venta.

No tiene razón el recurrente al sostener que como la vendedora tiene inscrita en plena propiedad una mitad de la finca por sus gananciales es inscribible la enajenación que hace de una tercera parte, por ser menor que la mitad inscrita. La viuda no tiene inscrita en el registro una mitad de la finca como sostiene el recurrente. Por la muerte y por el testamento de Clemente González nació en su viuda en virtud de la disolución del matrimonio, el derecho a la plena propiedad de la mitad de los bienes que una vez liquidada la sociedad conyugal resultasen ser ganancias de la sociedad, y al usufructo de la otra mitad por título de herencia, pero por el solo hecho de la muerte de su esposo no llegó a ser dueña de una mitad de la finca de 90 cuerdas ni puede, por tanto, disponer como suya de tal mitad o de menos de esa mitad. Ciertamente que tiene acciones y derechos en esa finca de los cuales puede disponer, *Cortés* v. *El Registrador,* 20 D. P. R. 141, pero no puede verificar enajenación como dueña determinadamente de una mitad. *Ríos* v. *El Registrador,* 19 D. P. R. 742. Por esto fué que cuando el registrador inscribió el testamento de Clemente González hizo la inscripción a nombre de

sus herederos y de la viuda por partes indeterminadas o sea por los derechos que por su muerte y por su testamento surgían a favor de la viuda y de sus herederos.

En cuanto a que la vendedora no puede hacer la división de la cosa común sin el consentimiento y aprobación de los demás condueños, si bien esto es cierto, no encontramos que la vendedora haya practicado la división de la finca, pues no contiene la escritura descripción de la parte que enajena sino que se limita a vender lo que le corresponde según el contrato de transacción.

Por las razones expuestas las notas recurridas deben ser confirmadas en lo que están sostenidas en esta opinión.

> *Confirmadas las notas recurridas en lo que están sostenidas por la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino.