EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Roberto Pagán Hernández<br><br>        Peticionario<br><br>                v.<br><br>Hon. Carmen D. Miranda Fernández<br>Registradora de la Propiedad en Bayamón<br><br>        Recurrida | Certiorari<br><br>2009 TSPR 175<br><br>177 DPR _____ |

Número del Caso: RG-2009-2

Fecha: 16 de noviembre de 2009

Abogado de la Parte Peticionaria:

                Lcdo. Miguel R. Garay Aubán

Abogada de la Parte Recurrida:

                Lcda. Carmen D. Miranda Fernández
                Registradora de la Propiedad

Materia: Revisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Roberto Pagán Rodríguez

    Peticionario

       v.

                        RG-2009-2

Hon. Carmen D. Miranda
Fernández
Registradora de la propiedad
en Bayamón

       Recurrida

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 16 de noviembre de 2009.

El 7 de junio de 2000, el Sr. Roberto Pagán Rodríguez y la Sra. Maricsa Rosado Méndez adquirieron un inmueble en el Municipio de Vega Alta, cuando estaban casados entre sí. Dicho inmueble se inscribió en el Registro de la Propiedad, Sección III de Bayamón. Este inmueble es objeto del recurso gubernativo ante nuestra consideración en el que se impugna la calificación hecha por la Registradora de la Propiedad. Los titulares inscritos se divorciaron y como parte del proceso de liquidación de la sociedad legal de bienes gananciales, otorgaron una escritura de

cesión a favor del señor Pagán Rodríguez. La Registradora se negó a inscribir dicha escritura porque entendió que los documentos presentados no establecían el tracto sucesivo. Concluimos que previo a inscribir la cesión de una propiedad a favor de uno de los ex-cónyuges no es necesaria una inscripción adicional a favor de ambos, pues la propiedad ya está inscrita a su nombre. Además, solamente procede cobrar aranceles por dicha cesión, basado en el valor total de la participación a inscribirse. Así pues, se revoca la calificación emitida y se ordena su inscripción.

I

El 7 de junio de 2002, el peticionario Pagán Rodríguez y la señora Rosado Méndez se divorciaron por consentimiento mutuo. Quedó así roto y disuelto el vínculo matrimonial entre ambos. En la sentencia de divorcio se incluyó, con la aprobación del Tribunal de Primera Instancia, las estipulaciones hechas entre las partes sobre la liquidación de la sociedad legal de gananciales. La estipulación, entre otras cosas, dispuso de los bienes y deudas adquiridos bajo el régimen legal de gananciales.

En el acuerdo, el peticionario Pagán Rodríguez acordó ceder su interés ganancial sobre varios bienes, entre los cuales, se encuentra un inmueble ubicado en la Urbanización Extensión La Inmaculada en el Municipio de Vega Alta. Por su parte, la señora Rosado Méndez acordó ceder al peticionario Pagán Rodríguez su interés ganancial

sobre apartamento ubicado en el Condominio Gold Villas en el Municipio de Vega Alta. En la estipulación las partes acordaron suscribir cualquier documento que fuese necesario para hacer efectivas las cesiones pactadas.

El 18 de febrero de 2005, los ex esposos otorgaron una escritura pública titulada "Liquidación Parcial de Sociedad de Gananciales y Cesión de Derechos Sobre Participación Indivisa en un Inmueble". En la escritura, y en cumplimiento del contenido de las estipulaciones que formaron parte de la sentencia de divorcio, la señora Rosado Méndez cedió y traspasó su participación en la titularidad del apartamento. En la escritura se valoró la participación ganancial de la cedente en $74,000.00, suma que representó el cincuenta por ciento (50%) del valor total del inmueble.

El 19 de mayo de 2005, el peticionario Pagán Rodríguez presentó en el Registro de la Propiedad la escritura de liquidación parcial de la sociedad legal de gananciales y cesión de derechos sobre el apartamento. Pagán Rodríguez incluyó junto a la copia certificada de la escritura, copia de la sentencia de divorcio y de las estipulaciones. El 30 de abril de 2008, la Registradora realizó una notificación de faltas en la que indicó que los comprobantes presentados como pago de los derechos de inscripción eran insuficientes para la operación solicitada.

El señor Pagán Rodríguez presentó oportunamente un escrito de recalificación. Posteriormente, la Registradora emitió una segunda notificación de faltas en la que además de reiterarse en la deficiencia de comprobantes, señaló la falta de tracto sucesivo para inscribir el documento presentado y la ausencia de identificación de la porción alícuota de los comuneros. Para esto último, la Registradora arguyó que una vez disuelta la sociedad legal de gananciales es necesaria la adjudicación de las participaciones sobre los bienes de la comunidad sin que éstas queden establecidas y adjudicadas con la sentencia de divorcio.

Ante esta segunda notificación de faltas se presentó otro escrito de recalificación. El 13 de enero de 2009, la Registradora emitió una calificación final de denegatoria sobre la inscripción solicitada. La denegatoria se fundamentó en: (1) la falta de tracto sucesivo, (2) el no haber indicado la porción alícuota de cada comunero sobre el inmueble y (3) la falta de aranceles.

Sobre la deficiencia de aranceles, la Registradora sostiene que hay que pagar aranceles por el valor total del inmueble para inscribir la adjudicación del cincuenta por ciento (50%) de cada comunero sobre el inmueble. Además, la Registradora indicó que hay que pagar aranceles por el cincuenta por ciento (50%) del valor de la participación que la señora Rosado Méndez cedió al peticionario. Esto es, según la Registradora, la solicitud

de inscripción realizada por el peticionario tiene que cancelar derechos por el ciento cincuenta por ciento (150%) del valor del inmueble.

El señor Pagán Rodríguez acude ante nos y arguye que los documentos presentados establecen el tracto sucesivo requerido, que la escritura de cesión expresa la porción alícuota de cada comunero y que se efectuó el pago de aranceles correspondiente. Alega el peticionario que al adquirir la propiedad él tenía un interés sobre el inmueble y que la comunidad de bienes resultante de la disolución de la sociedad legal de gananciales le otorgó automáticamente una participación del cincuenta por ciento (50%) sobre cada bien adquirido como ganancial. Contamos con la comparecencia de las partes y estamos en posición de resolver.

## II-A

La sociedad legal de gananciales es el régimen económico que regula los activos y pasivos de los cónyuges durante el matrimonio en ausencia de capitulaciones matrimoniales válidas en contrario. Arts. 1295-1297 del Código Civil, 31 L.P.R.A. secs. 3621-3623. En la sociedad legal de gananciales, los cónyuges son codueños y coadministradores de la totalidad de un patrimonio (el ganancial) sin distinción de cuotas o especial atribución. Montalván v. Rodríguez, 161 D.P.R. 411, 420 (2004). Según la doctrina española "esta forma de comunidad" denominada sociedad legal de gananciales es una forma de comunidad en

mano común producto de la influencia del Derecho germánico. J. Beltrán de Heredia y Castaño, La comunidad de bienes en derecho español, Madrid, Editorial Revista de Derecho Privado, 1954, pág. 92. Bajo esta figura, "la comunidad de gananciales no es más que una propiedad en mano común, o de tipo colectivista, ya que el marido y la mujer son, indistintamente, titulares de un patrimonio, sin que ninguno de ellos tenga un derecho actual a una cuota, que pueda ser objeto de enajenación, ni pueda dar lugar a la acción de división". Ibíd.[1]

Debido a la influencia germánica en el Código Civil en lo referente a la sociedad legal de gananciales, nuestras disposiciones legales le han impartido a esta figura ciertas atribuciones reconocidas por la doctrina

---

[1] Véanse además, J.L. Seoane Spiegelberg, Temas de actualidad en derecho de familia: La protección del acreedor en la sociedad legal de gananciales, Madrid, Dykinson, 2006, T. 46, pág. pág. 232; E. Vázquez Bote, Derecho de Familia, San Juan, Puerto Rico, Butterworth de Puerto Rico, 1993, V. XI, Sec. 6.4, pág. 173; J. Castán Tobeñas, Derecho Civil Español, Común y Foral, 11ma ed., Madrid, Reus, S.A., 1987, T. 5, Vol. I, págs. 288-289, 384-391; L. Zarraluqui Sánchez-Eznarriaga, Derecho de Familia y de la Persona, 1ra ed., Barcelona, Bosh, 2007, T. 5, págs. 89 y 143; J. Puig Brutau, Fundamentos de Derecho Civil, 2da ed., Barcelona, Bosh, 1985, T. IV, págs.127-128; R.M. Roca Sastre y L.R. Roca-Sastre Muncunill, Derecho Hipotecario, 8va ed., Barcelona, Bosh, 1995, T. VI, págs. 175-204; E. De la Rocha García, Disolución y liquidación, 2da ed., Granada, Editorial Comares, 2000, pág. 28; R. Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, San Juan, P.R., Programa de Educación Jurídica Continua Universidad Interamericana de Puerto Rico, 1997, Vol. I, pág. 326; R.E. Ortega Vélez, Los Efectos Económicos del Divorcio, San Juan, P.R., Ediciones Scisco, 1997, págs. 36-37; A. Fernós, Análisis del origen y desarrollo histórico de la sociedad de gananciales, 18 Rev. Jur. U.I.P.R. 207, 209-211 (1984).

española. <u>Montalván v. Rodríguez</u>, <u>supra</u>; <u>Int'l Charter Mortgage Corp. v. Registrador</u>, 110 D.P.R. 862 (1981).[2]

En <u>Int'l Charter Mortgage Corp. v. Registrador</u>, <u>supra</u>, citamos a Castán Tobeñas para sostener que la sociedad legal de gananciales se

> configura como una comunidad germánica o en mano común, "ya que marido y mujer son, indistintamente, titulares de un patrimonio, sin que ninguno de ellos tenga un derecho actual a una cuota que pueda ser objeto de enajenación, ni pueda dar lugar a la causa de división y sin que sea posible determinar concretamente la participación de los cónyuges en ese patrimonio, sin una previa liquidación".

<u>Id.</u>, pág. 866.

Además, en <u>Montalván v. Rodríguez</u>, <u>supra</u>, resolvimos lo siguiente:

> Durante la existencia de la sociedad legal de gananciales, los cónyuges son codueños y coadministradores de la totalidad del patrimonio matrimonial, sin distinción de cuotas. "[L]a masa ganancial está compuesta por bienes y derechos, que estando directa e inmediatamente afectos al levantamiento de las cargas familiares, son de titularidad conjunta de los cónyuges sin especial atribución de cuotas...".

<u>Id.</u>, pág. 420. (Citas omitidas).

La sociedad legal de gananciales concluye al disolverse el matrimonio. Art. 1315 del Código Civil, <u>supra</u>, sec. 3681. A partir de ese momento aplica el Art. 1295 del Código Civil, <u>supra</u>, sec. 3621, que dispone que "el marido y la mujer harán suyos por mitad, al disolverse

---

[2] Véanse además, Vázquez Bote, <u>op cit.</u>, pág. 173; Ortega Vélez, <u>op cit.</u>, págs. 36-39; P. Santiago Rivera, <u>La Reforma del Régimen Económico Matrimonial en los Códigos Civiles de España y Puerto Rico: ¿De un pájaro la dos alas?</u>, 35 Rev. Der. P.R. 385, 387-390 (1996); J.O. Resto, <u>Familia: La sociedad de gananciales y la mancomunidad</u>, 16 Rev. Jur. U.I.P.R. 405, 421-422 (1982).

el matrimonio, las ganancias o beneficios obtenidos". Véase además, Art. 1322 del Código Civil, supra, sec. 3697.

La doctrina española ha reconocido que en la comunidad pos ganancial ya no rigen las reglas de la sociedad legal de gananciales ni surge una comunidad ordinaria de tipo romana propiamente. Sobre este particular el Profesor Rivera Fernández, citando a Puig Brutau, señala:

> Por consiguiente, disuelta la sociedad, sus titulares son partícipes en una comunidad ordinaria. Aunque, como se encarga de especificar la propia doctrina jurisprudencial, ello no significa que le quede atribuido una mitad proindiviso sobre cada uno de los bienes que integran la masa de bienes en liquidación, sino que ostenta una cuota abstracta sobre el *totum* ganancial subsistente mientras perviva la expresada comunidad postganancial y hasta que, mediante las oportunas operaciones de liquidación-división, se materialice en una parte individualizada y concreta de bienes para cada uno de los comuneros. No estamos, por lo tanto, ante una genuina comunidad ordinaria de índole romana, pues en vez de recaer sobre objetos singulares, recae sobre un patrimonio.
>
> M. Rivera Fernández, La comunidad postganancial, Barcelona, J.M. Bosh, 1997, pág. 34.

Esta doctrina ha sido aceptada por la gran mayoría de los tratadistas al afirmar que en la comunidad pos ganancial los comuneros tienen una cuota abstracta sobre el patrimonio y no una cuota concreta sobre cada bien en particular.[3] La jurisprudencia en España ha aplicado estos principios a la comunidad de bienes pos ganancial.[4]

---

[3] Rivera Fernández, op cit., pág. 34; Serrano Geyls, op cit., pág. 457; Roca Sastre, op cit., págs. 161-163; E. Menéndez, Lecciones de Derecho de Familia, 1ra ed.,

Señala Puig Brutau que "[a]unque el estado de indivisión se prolongue, se tratará en todo caso de una masa en liquidación". J. Puig Brutau, Fundamentos de Derecho Civil, Barcelona, Bosh, 1967, T. 4, Vol. 1, pág. 784. La sociedad legal de gananciales, que es considerada una comunidad en mano común o germánica, se convierte una vez disuelta, en una comunidad ordinaria o por cuotas en la que cada comunero ostenta una cuota abstracta sobre el *totum* ganancial o sobre la masa, y no una cuota concreta sobre cada uno de los bienes. Seoane Spiegelberg, op cit., págs. 228-235. Con la disolución del matrimonio la comunidad resultante no es una comunidad en mano común o germánica en cuanto al patrimonio global pues cada comunero ostenta una cuota y puede solicitar su división. Roca Sastre y Roca-Sastre Muncunill, op cit., T. VI, n. 122, pág. 162.[5] Pero como discutimos anteriormente, esto no

---

Barcelona, Ed. Universitaria, 1976, pág. 237; J.M. Manresa y Navarro, Comentarios al Código Civil Español, 6ta ed., Madrid, Reus, S.A., 1969, T. IX, pág. 921-924; Seoane Spielgelberg, op cit., pág. 229; L. Díez-Picazo y A. Gullón, Sistema de Derecho Civil, 2da ed., Madrid, Tecnos, 1982, Vol. IV, págs. 272-273; Zarraluqui Sánchez-Eznarriaga, op cit., págs. 89 y 143-147; De la Rocha García, op cit., págs. 38-39; M.E. García Cárdenas, La comunidad pos ganancial: *Quo Vadis,* 39 Rev. Jur. U.I.P.R. 717 (2005).

[4] Sentencia del Tribunal Supremo de España de 25 de febrero de 1997, Núm. 135 (Aranzadi 1328); Resolución de la Dirección General de los Registros y Notariado de 28 de noviembre de 2000, de 10 de julio de 1952, de 16 de enero de 1941, de 12 de mayo de 1924, Num. 85 y de 27 de junio de 1916; Zarraluqui Sánchez-Eznarriaga, op cit., págs. 146-147.

[5] Véanse además, Int'l Charter Mortgage Corp. v. Registrador, supra; J.R. Vélez Torres, Lecciones de Derecho de Cosas, Santo Domingo, Ed. Lawrence, 1977, págs. 155-156;

implica que cada comunero tiene una cuota sobre cada bien determinado. Sólo posee una cuota sobre la masa patrimonial. Zarraluqui Sánchez-Eznarriaga, op cit., págs. 89, 143-147. Por estas características peculiares se ha comparado a la comunidad pos ganancial con la comunidad hereditaria. Díez-Picazo y Gullón, op cit., págs. 271-273; Seoane Spiegelberg, op cit., pág. 230; A. Valencia Zea, Derecho Civil, 6ta ed., Colombia, Ed. Temis, 1984, T. VI, págs. 423-428; E. Menéndez, op cit., pág. 237; Rivera Fernández, op cit., págs. 36-39.

Estos principios doctrinales son cónsonos con nuestras expresiones en Soto López v. Colón, 143 D.P.R. 282 (1997) y González v. Quintana, 145 D.P.R. 463 (1998). En ocasiones anteriores hemos decidido conforme con la regla de que con la disolución del matrimonio los ex cónyuges no tienen una cuota sobre cada bien sino sobre el patrimonio considerado como un todo. Alameda v. Registrador, 76 D.P.R. 230 (1953) Vega v. Tossas, 70 D.P.R. 392 (1949) Pérez v. Registrador, 62 D.P.R. 789 (1944); Maldonado v. Registrador, 45 D.P.R. 841 (1933); Becerra v. El Registrador de Guayama, 27 D.P.R. 843 (1919); Paulo v. El Registrador de Guayama, 23 D.P.R. 318 (1915); Fabián v. El Registrador, 25 D.P.R. 899 (1917);

---

Vázquez Bote, op cit., pág. 173; Castán Tobeñas, op cit., pág. 390; Beltrán de Heredia y Castaño, op cit., págs. 79-81 y 96-97; Roca Sastre y Roca-Sastre Muncunill, op cit., T.IV, págs. 447-450; De la Rocha, op cit., págs. 28 y 38-39.

Rossy v. Registrador de San Juan, 23 D.P.R. 553 (1916); Ríos v. El Registrador, 19 D.P.R. 742 (1913).

Cuando un divorcio se tramita por la causal de consentimiento mutuo los cónyuges deberán hacer una petición conjunta acompañada de las estipulaciones referentes a la división de bienes y otras consecuencias del divorcio. Figueroa Ferrer v. E.L.A., 107 D.P.R. 250 (1978). Las estipulaciones hechas en la petición de divorcio constituyen un contrato de transacción que obliga a las partes. Igaravidez v. Ricci, 147 D.P.R. 1 (1998); Magee v. Alberro, 126 D.P.R. 228 (1990).

B

El principio de especialidad es la exigencia que tiene un sistema registral para la especificación e individualización de las fincas, derechos y titulares. L.R. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2da ed., San Juan, PR, Jurídica Editores, 2002, pág. 211. Es decir, este principio requiere que los documentos presentados en el registro sean claros y específicos en cuanto al contenido del derecho, extensión y titularidad. Westernbank v. Registradora, Opinión de 24 de agosto de 2007, 2007 T.S.P.R. 160, 2007 J.T.S. 165, 172 D.P.R. ___ (2007); Cabañas v. Registrador, 8 D.P.R. 73 (1905).

El Art. 92 de la Ley de Hipotecaria, 30 L.P.R.A. sec. 2313, dispone:

Sec. 2313. Partes indivisas de finca; expresión precisa de porción alícuota.

Las inscripciones de partes indivisas de una finca o derecho precisarán la porción alícuota de cada condueño en términos matemáticos expresados en por ciento o fracción.

No se considerará cumplido este requisito si la determinación se hiciere solamente con referencia a unidades de moneda, de medida superficial u otra forma análoga.

El principio de tracto sucesivo persigue "que el historial jurídico de cada finca inmatriculada, respecto de sus sucesivos titulares registrales, aparezca sin saltas ni lagunas". Rivera Rivera, op cit., pág. 219. Para cumplir con este principio "es necesario que el derecho del transmitente conste previamente inscrito". Rigores v. Registrador, 165 D.P.R. 710 (2005). Por ello se requiere que "el transferente de hoy sea el adquirente de ayer y el titular registral actual sea el transferente de mañana". Roca Sastre y Roca-Sastre Muncunill, op cit., T. II, pág. 87. La serie de títulos inscritos forma una cadena de asientos conocida como tracto sucesivo formal y la serie de títulos inscritos produce una genealogía de titulares denominada tracto material. Rivera Rivera, op cit., pág. 219 (citando a Chico y Ortiz).

Al respecto, el Art. 57 de la Ley Hipotecaria, supra, sec. 2260, dispone:

Sec. 2260. Registro de documentos—En general; requisitos previos; excepciones

Para registrar documentos por los que se declaren, trasmitan, graven, modifiquen, o extingan el dominio y demás derechos reales sobre bienes inmuebles, deberá constar previamente registrado el derecho de la persona

que otorgue o en cuyo nombre sean otorgados los actos o contratos referidos.

Se denegará la registración de resultar inscrito el derecho a favor de persona distinta de la que otorga la trasmisión o gravamen. No obstante, podrán inscribirse sin el requisito de la previa inscripción las resoluciones y ejecutorias, que se refieren en las secs. 2761 a 2777 de este título.

El Art. 1330 del Código Civil, supra, sec. 3714, permite la inscripción de la sentencia firme de divorcio en el Registro de la Propiedad cuando recae sobre bienes inmuebles. Por su parte, el Art. 102.1 del Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad de 1979, Núm. 2674 de 9 de julio de 1980, según enmendado y mejor conocido como Reglamento Hipotecario, ordena al Registrador hacer constar que la finca o derecho donde se inscribe esta sentencia al amparo del Art. 1330, supra, sec. 3714, "pertenece a un patrimonio indiviso y que no podrán ser trasmitidos o gravados cuotas o porciones del dominio sobre la finca o derecho que se trate, si no por todos los titulares, a menos que haya mediado partición y adjudicación inscrita a favor del transmitente". No obstante, el Código Civil dispone que esta separación de bienes no perjudicará los derechos de los acreedores adquiridos con anterioridad. Art. 1331 del Código Civil, supra, sec. 3715.

En Ríos Román v. Registrador, 130 D.P.R. 817 (1992), tuvimos la oportunidad de expresarnos en cuanto a la comunidad de bienes pos ganancial y el Registro de la Propiedad. En aquella ocasión, dos cónyuges habían

adquirido un bien inmueble bajo el régimen de gananciales. Posteriormente, se presentó en el Registro de la Propiedad una escritura en la que éstos vendían a un tercero el inmueble. Éstos hicieron constar que al momento de la venta estaban divorciados pero no incluyeron la sentencia de divorcio como documento complementario. En el Registro de la Propiedad el inmueble aparecía adquirido por ambos, casados entre sí. Reiteramos entonces la norma de que los documentos complementarios son necesarios cuando: (1) por ley o por reglamento se requieran; (2) del documento presentado surge causa para creer que puede ser inválido; o (3) el propio documento no refleja su entera validez. Amparados en el principio de tracto sucesivo resolvimos que la escritura de compraventa debía ser acompañada por la sentencia de divorcio como documento complementario. La sentencia de divorcio era necesaria para aclarar "la laguna del nuevo estado civil que sirve de duda a la objeción levantada por el Registrador a la luz de las leyes vigentes". Id., pág. 823.

C

La Ley Núm. 91 de 30 de mayo de 1970, según enmendada y conocida como la Ley de Aranceles del Registro de la Propiedad, 30 L.P.R.A. secs. 1767a-1767e, regula los derechos a ser pagados por las operaciones del Registro de la Propiedad. El Registrador de la Propiedad tiene el deber en ley de exigir el pago de arancel como fue

dispuesto. Correa Sánchez v. Registrador, 113 D.P.R. 581 (1982).

La Ley de Aranceles, supra, es un estatuto tributario, por lo que los aranceles tienen el carácter de contribución. Díaz v. Registrador, 107 D.P.R. 233 (1978); Rivera Rivera, op. cit., pág. 258. Esta ley tiene entre sus propósitos eliminar la doble tributación y persigue evitar el cobro por derechos de aranceles de forma mecánica respecto a los derechos en sí. Díaz v. Registrador, supra. De esta manera, se fomenta el cobro de derechos de aranceles en razón de cada finca o derecho comprendido en la operación registral efectuada. Ibíd. La legislación contributiva no se puede interpretar de forma extensiva, sino de forma justa y a tenor con sus propios términos de manera que toda ambigüedad debe interpretarse restrictivamente en contra del Estado y a favor del ciudadano. B.B.C. Realty v. Secretario de Hacienda, 166 D.P.R. 498 (2005); Talcott Inter-Amer. Corp. v. Registrador, 104 D.P.R. 254 (1975).

El Art. 1 de la Ley de Aranceles, supra, sec. 1767a, dispone en lo pertinente:

Sec. 1767a. Derechos a pagar-Arancel

El arancel de los derechos que se han de pagar en lo sucesivo por las operaciones en el Registro de la Propiedad, en la forma que las secs. 1767a, 1767e de este título dispone, será el siguiente:

.........
Número Dos-Por la inscripción, anotación, cancelación, liberación, respecto a cada derecho

en una finca, se pagarán los siguientes derechos:

(a) Si la finca o derecho vale mil dólares ($1,000) o menos, se pagarán dos dólares ($2).

(b) Cuando el valor de la finca o derecho exceda de mil dólares ($1,000) se pagarán dos dólares ($2) por cada mil dólares ($1,000) o fracción de mil dólares del valor nominal de la finca hasta un valor máximo de veinticinco mil dólares ($25,000).

(c) Cuando el valor de una finca o derecho exceda de veinticinco mil dólares ($25,000), se pagarán cincuenta dólares (sic) ($25) por los primeros veinticinco mil dólares ($25,000) y cuatro dólares ($4) por cada mil dólares ($1,000) o fracción de mil dólares adicionales.

Por su parte, el Art. 2, id., sec. 1767b, establece en lo pertinente:

Sec. 1767b. Derechos a pagar-Normas

El arancel establecido en los números 1 al 4 anteriores [de la sec. 1767a de este título] regirá de acuerdo con las normas que siguen:

..........
Segunda- En los casos de comunidad de bienes inscritos se cobrarán los derechos arancelarios sin tomar en consideración el número de miembros de la comunidad o transmitentes y adquirentes de la finca o derecho de que se trate. Si el registro del título se pide exclusivamente por uno o varios miembros de la comunidad, deberán cobrarse los derechos respecto al valor total de la participación o participaciones de que se trate.

Estas disposiciones fijan los derechos a ser pagados en casos en que se solicita una inscripción, anotación, cancelación o liberación en el Registro de la Propiedad. ESJ Towers, Inc. v. Registrador, 150 D.P.R. 298 (2000). Un registrador no puede requerir derechos en exceso de lo dispuesto por ley. Industrial Development Co. v.

Registrador 74 D.P.R. 651 (1953). De la Ley de Aranceles se desprende que en aquellos casos en que existe una comunidad de bienes inscrita en el Registro de la Propiedad los derechos a ser pagados se computarán a base del valor total de la participación objeto de la inscripción.

Para computar el arancel requerido, el Registrador debe orientar su criterio por la cifra que represente el verdadero valor de la finca o derecho. Puede descartar el posible valor aparente por el valor real que satisfaga la razón y el entendimiento. Correa Sánchez v. Registrador, supra; Lincoln American Corp. v. Registrador, 106 D.P.R. 781 (1978); Aponte Parés v. Registrador, 106 D.P.R. 176 (1977); Empire Life Ins. Co. v. Registrador, 105 D.P.R. 136 (1976). Por otro lado, se puede instar un recurso gubernativo ante este Tribunal cuando el presentante entienda que el registrador ha establecido erróneamente el pago de derechos que devenga una operación en el Registro de la Propiedad. Art. 4 de la Ley de Aranceles, supra; Art. 74 de la Ley Hipotecaria de 1979, supra, sec. 2277; Chase Manhattan Bank v. Registrador, 98 D.P.R. 92 (1969).

                                III

En este recurso es preciso determinar si la presentación realizada por el peticionario Pagán Rodríguez en el Registro de la Propiedad fue contraria a los principios de especialidad y tracto sucesivo, y si el pago de aranceles fue el requerido por la ley.

A

El señalamiento de tracto sucesivo que hace la Registradora se enfoca en su modalidad material, esto es, que entre los titulares que aparecen anotados en el Registro de la Propiedad y los que otorgan la escritura presentada no existe la conexión o continuidad requerida.

Diferimos de esta interpretación de la Registradora. En el Registro de la Propiedad se presentó el documento principal (escritura de cesión) y el documento complementario necesario (sentencia de divorcio con las estipulaciones que formaron parte de la misma). Este documento complementario llena la laguna creada entre los titulares que aparecen con el derecho inscrito (cónyuges bajo el régimen ganancial) y los otorgantes de la escritura de cesión (éstos mismos como solteros). La sentencia de divorcio acredita que los titulares que aparecen con el derecho inscrito en el Registro de la Propiedad (casados entre sí) son ahora propietarios del inmueble como cotitulares en una comunidad ordinaria.

Ante esto, es forzoso concluir que para la disposición de los bienes que antes fueron gananciales ya no aplican las reglas de la sociedad legal de gananciales y sí las reglas de la comunidad de bienes pos ganancial. Ortega Vélez, op cit., pág. 10. Con la escritura de cesión se acredita la adjudicación al peticionario Pagán Rodríguez del derecho que la señora Rosado Méndez ostenta sobre el inmueble en cuestión. Esta adjudicación (y

disposición) de un bien concreto cuenta con el consentimiento de los titulares con interés en la comunidad pos ganancial, a saber, los ex cónyuges. Esto es cónsono con nuestras expresiones en Ríos Román v. Registrador, supra, y con las reglas aplicables a la comunidad de bienes pos ganancial.

La presentación establece la continuidad registral que el Registro de la Propiedad exige. Con la escritura de cesión las partes terminan la indeterminación de la cuota sobre el bien concreto (el inmueble objeto de este recurso). Dicha participación se adjudicó en una cuota a cada comunero equivalente al cincuenta por ciento (50%) sobre el bien inmueble, para terminar así con la abstracción de sus cuotas. Como resultado de esto, la titular que aparece con el derecho inscrito (la señora Rosado Méndez, quien adquirió bajo el régimen ganancial) es la transferente del derecho que se intenta inscribir (la cesión de su participación a favor del peticionario Pagán Rodríguez). Las regulaciones y limitaciones que el régimen de gananciales establecía para la administración y disposición de los bienes ya no operan, según lo acredita la sentencia de divorcio.

B

La escritura de cesión presentada cumple con las disposiciones que requieren especificidad e individualización del derecho que se intenta inscribir.

Como señalamos, la sentencia de divorcio acredita que el bien inmueble antes ganancial ahora se gobierna por las reglas de la comunidad de bienes pos ganancial. Estos comuneros que ya aparecían como titulares en el Registro de la Propiedad, otorgaron una escritura en donde se cede la cuota de uno de los comuneros a favor del otro. Lo que se pretende inscribir es esta cesión y nada más. En dicha escritura consta la participación objeto de la cesión en términos matemáticos, en  los porcentajes expresados. Además, el derecho objeto de la cesión fue valorado.

La Registradora acepta que de los documentos presentados se puede colegir que la cuota de cada comunero en el bien inmueble fue adjudicada en cincuenta por ciento (50%) a cada uno. De la escritura de cesión surge que dicho documento se otorgó en cumplimiento de las estipulaciones hechas para disolver la sociedad legal de gananciales. Además, se expresa que la señora Rosado Méndez acordó ceder al peticionario su participación ganancial en el inmueble. La participación ganancial de la señora Rosado Méndez se valoró en $74,000.00, "suma que representa la participación del cincuenta por ciento (50%) en el valor total del inmueble". Apéndice del recurso, pág. 4.

La escritura de cesión y el documento complementario (la sentencia de divorcio con sus estipulaciones) son suficientes para especificar e individualizar el acto que

se intenta inscribir, esto es, la cesión del derecho de la señora Rosado Méndez sobre el inmueble en cuestión.

C

Una vez establecido que la presentación hecha por el peticionario cumplió con los principios de tracto sucesivo y especialidad requeridos por nuestro ordenamiento registral es necesario determinar la cuantía de los derechos a pagar por la operación solicitada. La Registradora sostiene que procede cancelar derechos por el ciento cincuenta por ciento (150%) del valor total del inmueble. La contención de la Registradora se fundamenta en que no existe una comunidad de bienes inscrita por lo que es necesario cancelar derechos por el valor total de la propiedad para inscribir la comunidad pos ganancial. Además, la Registradora arguye que hay que cancelar derechos por la participación objeto de la cesión, o sea, derechos por el cincuenta por ciento (50%) que la señora Rosado Méndez cedió al peticionario Pagán Rodríguez. Concluimos que la única transacción tributable con el pago de aranceles es la cesión a favor del peticionario del derecho que sobre el inmueble tenía su cotitular, la señora Rosado Méndez.

Debemos tener presente que cuando se inscribe un bien inmueble ganancial en el Registro de la Propiedad no se puede borrar el hecho de que se está inscribiendo a nombre de dos personas, a saber, los cónyuges. Allende v. Reg. de San Juan, Sec. Primera, 28 D.P.R. 569 (1920). Al adquirir

e inscribir durante el matrimonio, un cónyuge lo hace para sí y para la sociedad legal de gananciales, y al extinguirse dicha sociedad "resulta modificado su dominio". Manresa Navarro, op cit., pág. 924. Aunque la sociedad legal de gananciales es una persona jurídica distinta a sus socios, no es más que una entidad económica familiar *sui generis* con personalidad atenuada que regula los bienes adquiridos por sus socios. Int'l Charter Mortgage Corp. v. Registrador, supra. Esta personalidad atenuada es menor que la de las sociedades ordinarias o entidades corporativas debido a su razón de ser y a la interpenetración entre los patrimonios personales y el social. Ibíd. Por eso y citando a Castán Tobeñas, hemos afirmado que los bienes de la sociedad legal de gananciales pertenecen al esposo y la esposa conjuntamente pero bajo las reglas de la comunidad de gananciales. Ibíd. La sociedad legal de gananciales se configura como una comunidad germánica o en mano común que no puede confundirse con una copropiedad de tipo romano. Ibíd.

De igual forma, hicimos referencia a varias resoluciones de la Dirección General de los Registros y del Notariado de España, que deciden que

> en el orden hipotecario no existen inscripciones especialmente extendidas a favor de la sociedad de gananciales como persona jurídica independiente de las personas físicas que la han constituido, sino que los bienes y derechos aparecen inscritos a nombre del marido o de la mujer, con ciertas circunstancias o datos que permiten su atribución a un grupo patrimonial de fines particulares y régimen característico.
> Id., pág. 865.

La sociedad legal de gananciales "no absorbe la personalidad individual de los cónyuges que la integran. No ocurría tal eclipse de personalidad… Es diáfana la transparencia del velo entre la sociedad de gananciales y las personas que la integran". Id., págs. 867-868. Véanse además, Universal Funding Corp. v. Registrador, 133 D.P.R. 549 (1993); Serrano Geyls, op cit., Vol. 1, págs. 326-327.

El titular registral es aquella persona a quien pertenece el derecho sobre el inmueble según el Registro de la Propiedad. Roca Sastre y Roca-Sastre Muncunill, op cit., T. IV, pág. 431. Tanto en la sociedad legal de bienes gananciales como en la posterior comunidad de bienes pos ganancial (por razón del divorcio) los titulares inscritos siguen siendo las mismas personas, los comuneros y ahora ex cónyuges. Una vez disuelta la sociedad legal de gananciales y a diferencia de los casos de herencia, no hay un cambio de titular en cuanto a los comuneros inscritos en el Registro de la Propiedad.

El derecho sobre la propiedad inmueble objeto de este recurso estuvo inscrito a favor de la señora Rosado Méndez y del peticionario, antes y después del divorcio. Con la disolución del matrimonio por razón del divorcio sigue existiendo una comunidad entre ambos titulares, que ahora se rige por las reglas de la comunidad de bienes pos ganancial. Se trata de una comunidad de bienes cuya naturaleza se transforma por razón de la disolución del matrimonio. Díez-Picazo y Gullón, op cit., pág. 272. Véase

además, <u>Int'l Charter Mortgage Corp. v. Registrador</u>, <u>supra</u>.

Cuando los comuneros se adjudican los bienes realizan un acto de adjudicación consecutiva a un acto divisorio y no uno de trasmisión de dominio. Zarraluqui Sáncehez-Eznarriaga, <u>op cit.</u>, pág. 376. El Tribunal Supremo de España ha decidido que cuando se adjudica como consecuencia de una liquidación lo que era ganancial no se enajena o vende en favor del ex cónyuge, sino que recibe lo que era suyo en titularidad individual. Sentencia de 4 de julio de 1988, Aranzadi núm. 5555. Para entonces, el Tribunal Supremo de España ya había resuelto que al liquidar y adjudicar a uno de los ex cónyuges un bien común hay un cambio en la manera de atribuir el derecho al titular. Sentencia de 12 de mayo de 1924, Núm. 85.

Lo único que se le está solicitando a la Registradora es que inscriba la cesión hecha por la señora Rosado Méndez a favor del peticionario Págan Rodríguez. El derecho del peticionario, aunque indeterminado, ya consta inscrito a su favor en el Registro. Del Registro no surge la proporción de la cuota de cada comunero ya que el inmueble fue adquirido bajo el régimen de gananciales.

Aunque bajo la comunidad pos ganancial los ex cónyuges poseen su cuota sobre el patrimonio, la señora Rosado Méndez cedió a favor del peticionario Pagán Rodríguez el interés de ésta sobre el bien inmueble en cuestión. De los documentos presentados surge que la

participación de la señora Rosado Méndez en dicho bien se adjudicó en cincuenta por ciento (50%) y que dicha participación ha sido valorada en $74,000.00. No surge del expediente que esta valoración sea irrazonable o falsa. Por conclusión, de la propia escritura de cesión se desprende que la participación del peticionario Pagán Rodríguez en el inmueble fue adjudicada a una cuota igual al restante cincuenta por ciento (50%).[6] Claro está, por ser este tipo de cesión sobre un bien particular de la comunidad pos ganancial se requiere el consentimiento de ambos ex cónyuges. La escritura de cesión en la que comparecieron la señora Rosado Méndez y el peticionario cumplió con este requisito.

Solamente procede cobrar derechos por la cesión efectuada a favor del peticionario Pagán Rodríguez. En los casos de una comunidad de bienes inscrita no se puede tomar en consideración el número de miembros de la comunidad para fijar los derechos arancelarios, sino el valor total de la participación objeto de la inscripción. Art. 2 de la Ley de Aranceles, supra. Resulta forzoso aplicar esta limitación en el caso particular de una comunidad pos ganancial en la que se intenta inscribir a favor de uno de los comuneros (ex cónyuges) la participación del otro en un bien que antes era ganancial.

---

[6] En este recurso la Registradora no cuestiona la forma en que se hizo la adjudicación de cuotas para fines arancelarios. Por eso, no estamos resolviendo si existe la posibilidad de que la adjudicación de cuotas sobre un bien inmueble realizada por los ex cónyuges pueda ser irrazonable para ser utilizada como base del cómputo para fijar los aranceles.

IV

Por los fundamentos antes expuestos, no proceden las faltas notificadas por la Registradora de la Propiedad, Sección III de Bayamón. Como consecuencia, se ordena a esta última la inscripción del documento.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Roberto Pagán Rodríguez

    Peticionario

       v.

                       RG-2009-2

Hon. Carmen D. Miranda Fernández
Registradora de la propiedad en Bayamón

      Recurrida

SENTENCIA

En San Juan, Puerto Rico, a 16 de noviembre de 2009.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, no proceden las faltas notificadas por la Registradora de la Propiedad, Sección III de Bayamón. Como consecuencia, se ordena a esta última la inscripción del documento.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no interviene.

                Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo