ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MIGUEL CASANOVA MALDONADO, NYDIA RIVERA ZAYAS Y LA SOCIEDAD LEGAL DE GANANCIALES<br><br>Recurridos<br><br>v.<br><br>AGUSTÍN BERRÍOS ZAYAS, CARMEN ALICIA ALVARADO RIVERA Y LA SOCIEDAD LEGAL DE GANANCIALES; CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES<br><br>Recurrentes | TA2025CE00202 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2024CV01483<br><br>Sala: 303<br><br>Sobre:<br>Acción Civil; Colindancias; Reivindicación; Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparecieron el Sr. Agustín Berríos Zayas (en adelante, el "señor Berríos Zayas") y la Sra. Carmen Alicia Alvarado Rivera (en adelante, la "señora Alvarado Rivera") (en conjunto "la parte peticionaria"), mediante recurso de *Certiorari* presentado el 25 de julio de 2025. Nos solicitaron la revocación de la *Resolución Interlocutoria* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, "foro primario"), el 11 de abril de 2025. En ese dictamen, el foro primario declaró *No Ha Lugar* a una moción de desestimación presentada por la parte peticionaria.

Por los fundamentos que se expondrán a continuación, se **expide** el auto solicitado, se **revoca** la *Resolución* recurrida y se **desestima** la causa de acción instada en la *Demanda* de epígrafe en

contra de la Sociedad de Gananciales compuesta por el señor Berríos Zayas y la señora Alvarado Rivera.

**-I-**

El 29 de mayo de 2024, el Sr. Miguel Casanova Maldonado, la Sra. Nydia Rivera Zayas y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "los recurridos"), presentaron una *Demanda* sobre una acción civil de colindancias, reivindicación y daños y perjuicios.[1] Acumularon como codemandados al señor Berríos Zayas, a la señora Alvarado Rivera, a la Sociedad Legal de Gananciales compuesta por ambos (en adelante, "Sociedad de Gananciales"), así como al Centro de Recaudaciones de Ingresos Municipales.[2] En síntesis, alegaron que el señor Berríos Zayas había invadido parte de la finca de los recurridos debido a unos trabajos livianos de acondicionamiento de terreno que estaba realizando. Por todo lo anterior, solicitaron al foro primario que se les devolviera la parte del terreno ocupada de manera ilegal y que se le indemnizara por los daños sufridos.

En esa misma fecha, los recurridos presentaron tres (3) emplazamientos, con el fin de que fueran autorizados para su diligenciamiento.[3] Los emplazamientos que fueron sometidos estaban dirigidos a cada uno de los codemandados, con excepción de la Sociedad de Gananciales compuesta el señor Berríos Zayas y la señora Alvarado Rivera. Es decir, los recurridos no solicitaron que se expidiera un emplazamiento dirigido a la Sociedad de Gananciales y tampoco indicaron en el emplazamiento de sus miembros que se le estaba dirigiendo por sí y en representación de la Sociedad de Gananciales.

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1, págs. 1-3.
[2] SUMAC-TPI, entrada núm. 1, pág. 1, ¶¶ 1-3.
[3] SUMAC-TPI, entrada núm. 2.

Tras varios incidentes procesales, el 20 de marzo de 2025, los señores Berríos Zayas y Alvarado Rivera presentaron una *Solicitud de Desestimación*.[4] En la referida moción, arguyeron que los emplazamientos habían sido diligenciados el 4 de junio de 2024 sobre los señores Berríos Zayas y Alvarado Rivera. No obstante, sostuvieron que los aquí recurridos ni solicitaron ni diligenciaron el emplazamiento dirigido a la Sociedad de Gananciales. Adujeron, además, que había transcurrido un lapso aproximado de diez (10) meses, por lo cual el foro primario no había adquirido la jurisdicción sobre la entidad jurídica de la Sociedad de Gananciales. Por tanto, solicitaron la desestimación de la *Demanda* presentada.

Ante esto, el 11 de abril de 2025, la parte recurrida presentó una *Moción en Cumplimiento de Órdenes*, en la cual sostuvo que la solicitud de desestimación debía ser denegada, toda vez que ambos cónyuges que la componen fueron emplazados y que en el segundo párrafo de la demanda se aseveró que estos "eran demandados en su carácter personal y por la Sociedad Legal de Bienes Gananciales, de la cual ellos son los únicos miembros".[5]

Así las cosas, el 11 de abril de 2025, el foro primario emitió y notificó una *Resolución* en la que declaró *No Ha Lugar* la solicitud de desestimación por falta de emplazamiento de la Sociedad de Gananciales.[6]

Inconformes, y tras la denegación de una previa solicitud de reconsideración,[7] el 25 de julio de 2025, la parte peticionaria acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló el siguiente error:

> El Honorable Tribunal de Instancia cometió grave error de derecho e incurrió en abuso de discreción al negarse a reconsiderar, y determinar sin ningún fundamento, que

---

[4] SUMAC-TPI, entrada núm. 21, págs. 1-8.
[5] SUMAC-TPI, entrada núm. 26, pág. 1.
[6] SUMAC-TPI, entrada núm. 27, pág. 1.
[7] La solicitud de reconsideración fue presentada el 28 de abril de 2025. SUMAC-TPI, entrada núm. 30. Su denegatoria fue emitida el 26 de junio de 2025, notificada al día siguiente.

posee jurisdicción sobre la Sociedad Legal de Gananciales y que fue emplazada mediante el emplazamiento personal de los peticionarios. Cuando los emplazamientos a la Sociedad Legal de Gananciales no fueron solicitados ni diligenciados.

Por su parte, el 8 de septiembre de 2025, los recurridos presentaron su *Oposición a Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Emplazamiento**

El emplazamiento es el mecanismo procesal mediante el cual se le notifica a la parte demandada sobre la existencia de una reclamación en su contra y se le requiere comparecer para que formule sus alegaciones y defensas afirmativas. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 487 (2024); *Natal Albelo v. Romero Lugo y otros*, 206 DPR 465, 475-477 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Banco Popular v. SLG Negrón*, 164 DPR 855, 863 (2005); *Rivera v. Jaume*, 157 DPR 562, 575 (2002); R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 256. Además, el emplazamiento le provee a los tribunales la jurisdicción o autoridad sobre la persona del demandado (jurisdicción *in personam*). *Ross Valedón v. Hosp. Dr. Susoni et al.*, supra, págs. 487-488; *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *Pérez Quiles v. Santiago Cintrón,* supra, pág. 384; *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021).

Siendo así, el debido diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, por lo que se exige un cumplimiento estricto de sus requisitos. *Banco Popular v. SLG Negrón,* supra, pág. 863; *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004). Por lo anterior, la falta de un

correcto emplazamiento a la parte contra la que se dicta sentencia produce la nulidad de la sentencia dictada por la falta de jurisdicción sobre la parte demandada. *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 468-469 (2017).

Ahora bien, las Reglas de Procedimiento Civil establecen los requisitos que la parte demandante debe cumplir para diligenciar el emplazamiento personalmente. En específico, la Regla 4.4 de Procedimiento Civil, establece lo que sigue:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.

32 LPRA Ap. V, R. 4.4.

Por otro lado, la Regla 4.3(c) establece, en cuanto al término para diligenciar el emplazamiento, lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

32 LPRA Ap. V, R. 4.3(c).

Según los términos claros de la regla citada, el emplazamiento debe diligenciarse en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de su expedición. En caso de que no se diligencie el emplazamiento dentro del término establecido, la regla establece que una primera ocasión el tribunal deberá dictar sentencia para decretar la desestimación y archivo sin perjuicio. *Torres Zayas v. Montano Gómez et als.,* supra, pág.,

468. De ello ocurrir en una segunda ocasión, entonces el tribunal deberá decretar la desestimación y archivo con perjuicio.

**B. La sociedad de gananciales[8] y el diligenciamiento de su emplazamiento**

De otro lado, la sociedad de gananciales es uno de los regímenes legales que regulan el aspecto económico de la institución del matrimonio. Consiste en una sociedad compuesta por ambos cónyuges y que es susceptible de adquirir bienes, derechos y obligaciones. Arts. 507-545, 31 LPRA secs. 6951-7024. En general, ambos cónyuges son cotitulares y coadministradores de los bienes y obligaciones de esa sociedad. Esta sociedad, aunque es *sui generis*, tiene personalidad jurídica propia, por lo que se caracteriza por ser una entidad separada y distinta de los cónyuges que la componen. Véanse, *Torres Zayas v. Montano Gómez et als.*, supra, pág. 466; Vega v. Bonilla, 153 DPR 588, 592 (2001).

En cuanto al diligenciamiento del emplazamiento a la sociedad de gananciales, la Regla 4.4(e) de Procedimiento Civil, *supra,* dispone que se realizará "entregando copia del emplazamiento y de la demanda a ambos cónyuges". 32 LPRA Ap. V, R. 4.4(e). Al interpretar la citada regla, el Tribunal Supremo dispuso que cuando se demande a la sociedad de gananciales, el diligenciamiento del emplazamiento deberá realizarse "a ambos cónyuges, por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ambos". *Torres Zayas v. Montano Gómez et als.*, supra, pág. 471. Además, esa cita va acompañada por la nota al calce número cinco, la cual citaremos *in extenso* debido a su relevancia a la controversia de autos:

> La práctica a seguir para un correcto emplazamiento de la Sociedad Legal de Bienes Gananciales es que, mediante dos emplazamientos, se emplace individualmente a cada uno de los cónyuges por sí y en representación de la Sociedad Legal de Bienes Gananciales que éstos constituyen. En ese

---

[8] En adelante, nos referimos a la figura jurídica "Sociedad Legal de Bienes Gananciales" como la "sociedad de gananciales" por ser el término que utiliza el Art. 507 del nuevo Código Civil de Puerto Rico de 2020. Véase, 31 LPRA sec. 6951.

sentido, huelga expedir un tercer emplazamiento dirigido exclusivamente a la Sociedad Legal de Bienes Gananciales.

Siendo ello así, basta con expedir un emplazamiento para "(nombre del cónyuge A), por sí y en representación de la Sociedad Legal de Bienes Gananciales", y uno para "(nombre del cónyuge *B*), por sí y en representación de la Sociedad Legal de Bienes Gananciales".

*Id.*

**-III-**

Previo al análisis sustantivo, debe notarse que el recurso de epígrafe proviene de una denegatoria de una solicitud de desestimación, por lo cual cumple que la norma de la Regla 52.1 de Procedimiento Civil, *supra,* la cual permite que este Tribunal revise la determinación del tribunal de instancia. Así pues, teniendo la facultad en ley para atender el recurso de epígrafe, procedemos a evaluar si el foro primario incurrió en error manifiesto, pasión, perjuicio o parcialidad al realizar el dictamen recurrido. Veamos.

En el recurso de epígrafe, la parte peticionaria plantea que el foro primario erró en determinar que tiene jurisdicción sobre la Sociedad de Gananciales, a pesar de que ni se expidió ni se diligenció el emplazamiento dirigido a ésta. Por su parte, los recurridos admiten que no le dirigieron emplazamiento alguno a la Sociedad de Gananciales. No obstante, sostienen que ésta fue emplazada correctamente al diligenciarse los correspondientes emplazamientos a los miembros que la componen y al haberse incluido y acumulado en la *Demanda* como codemandada.

Según discutido, el diligenciamiento de un emplazamiento dirigido a la sociedad de gananciales se realiza "entregando copia del emplazamiento y de la demanda a ambos cónyuges". 32 LPRA Ap. V, R. 4.4(e). Esa regla presupone que, en efecto, se requiere un emplazamiento dirigido a la sociedad de gananciales pues de otra forma no sería necesario explicar cómo debe diligenciarse.

En *Torres Zayas v. Montano Gómez et als.*, supra, el Tribunal Supremo interpretó la Regla 4.4(e) de Procedimiento Civil, *supra*, y

dictaminó que cuando se incluye a la sociedad de gananciales como codemandada, su emplazamiento debe diligenciarse "a ambos cónyuges, por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ambos". *Id.*, pág. 471. Además, el Máximo Foro aclaró expresamente que la mejor práctica para emplazar a la sociedad de gananciales es dirigir un emplazamiento para cada cónyuge "por sí y en representación de la Sociedad Legal de Bienes Gananciales que éstos constituyen". *Id.*, nota al calce núm. 5. De esta manera, el Máximo Foro expuso que era innecesario, aunque no incorrecto, expedir un tercer emplazamiento dirigido exclusivamente a la sociedad de gananciales. *Id.*

En el presente caso, es un hecho que la parte recurrida ni siquiera incluyó a la Sociedad de Gananciales en los emplazamientos dirigidos al señor Berríos Zayas y a la señora Alvarado Rivera; tampoco solicitó que se expidiera otro emplazamiento dirigido a la Sociedad de Gananciales compuesta por ambos peticionarios. En consecuencia, el foro primario nunca adquirió jurisdicción *in personam* sobre la Sociedad de Gananciales compuesta por el señor Berríos Zayas y la señora Alvarado Rivera. Así pues, transcurrido el término de ciento veinte (120) días que disponía la parte recurrida para emplazar a la Sociedad de Gananciales, el foro recurrido erró al no concretar el mandato de la Regla 4.3(c) de Procedimiento Civil, *supra*; es decir, debió emitir una sentencia para decretar la desestimación y archivo de esta causa en contra de la persona jurídica de la Sociedad de Gananciales.

La parte recurrida, sin embargo, insiste en que el tribunal de instancia actuó correctamente al denegar la desestimación de la reclamación en contra de la Sociedad de Gananciales. Primero, sostiene que *Torres Zayas v. Montano Gómez et als.,* supra, es inaplicable al caso de autos porque sus hechos son diferenciables. En específico, sostiene que, en *Torres Zayas v. Montano Gómez et*

*als.*, supra, la controversia surgió porque la parte demandante en ese caso emplazó al señor Montano Gómez, pero no solicitó que se expidiera un emplazamiento dirigido a su esposa, ni a la sociedad de gananciales compuesta por ambos. Segundo, argumenta que, en todo caso, las expresiones de nuestro Tribunal Supremo citadas previamente son *obiter dictum*, por lo cual entiende que no son un precedente jurídico que deba utilizarse para el presente caso. Tercero, sostiene que la Regla 4.4(e), *supra*, no exige que el emplazamiento de la sociedad de gananciales se tenga que hacer incluyendo la expresión "por sí y en representación de la Sociedad de Gananciales", sino que el mero hecho de diligenciar los emplazamientos a cada uno de los cónyuges con sus respectivos nombres, unido al hecho de que la demanda contiene alegaciones contra los bienes patrimoniales de la Sociedad de Gananciales, es suficiente para concluir que se emplazó correctamente, según las exigencias de la regla antes citada. Todos sus argumentos son inmeritorios.

Si bien es cierto que los hechos de *Torres Zayas v. Montano Gómez et als.*, supra, pueden ser distintos a los del presente caso, la realidad es que en el fondo tratan sobre la carencia de un emplazamiento de una de las partes que componen el triángulo de la sociedad de gananciales; esto es, la falta de emplazamiento de uno de los cónyuges o de un emplazamiento dirigido de la propia sociedad de gananciales. En ese sentido, en *Torres Zayas v. Montano Gómez et als.*, supra, el Tribunal Supremo interpretó y explicó a la comunidad jurídica cómo se puede lograr el diligenciamiento correcto para que los tribunales adquieran jurisdicción sobre la sociedad de gananciales. Dictaminó que el emplazamiento de la sociedad de gananciales debía hacerse por conducto de ambos cónyuges utilizando la expresión "por sí y en representación de la sociedad de gananciales. Esa forma de emplazar conlleva que no sea

necesario expedir un tercer emplazamiento dirigido únicamente a la sociedad de gananciales, por lo que simplifica el proceso.

Ahora bien, aun cuando entendamos, para propósitos del análisis, que *Torres Zayas v. Montano Gómez et als.*, supra, no resuelve la controversia del presente caso, llegaríamos a la misma conclusión. Lo primero que debemos señalar es que es notable que los recurridos no citan un precedente o autoridad que nos permita concluir que la Sociedad de Gananciales queda automáticamente emplazada por el mero hecho de diligenciar un emplazamiento dirigido a los miembros que la componen. Tal y como adelantamos, si bien la sociedad de gananciales es una sociedad *sui generis* con características especiales, es norma reiterada que esta constituye una entidad jurídica distinta y separada de los cónyuges que la componen. *Torres Zayas v. Montano Gómez et als.*, supra, págs. 472-473. *Bidot v. Urbino*, 158 DPR 294, 302 (2002); *Vega v. Bonilla*, supra, pág. 592; *Reyes v. Cantera Ramos, Inc.*, 139 DPR 925, 928 (1996); *Rovira Tomás v. Srio. de Hacienda*, 88 DPR 173, 175-176 (1963); *Echevarría v. Despiau*, 72 DPR 472, 475 (1951).

Lejos de la teoría propuesta por los recurridos, encontramos que al menos desde *Pauneto v. Núñez*, 115 DPR 591 (1984), el Tribunal Supremo dispuso lo siguiente:

> En *Pagán v. Rivera Burgos*, 113 D.P.R. 750, 754 (1983), caracterizamos el emplazamiento como "el paso inaugural del debido proceso de ley que permite el ejercicio de jurisdicción por el tribunal para adjudicar derechos del demandado". Con relación a la sociedad conyugal, hemos reconocido que con el emplazamiento de uno solo de los coadministradores de dicha sociedad es posible adquirir jurisdicción sobre la misma. *Int'l Charter Mortgage Corp. v. Registrador*, 110 D.P.R. 862, 864 (1981); *García v. Montero Saldaña*, 107 D.P.R. 319, 341 (1978). Sin embargo, la mejor práctica es incluir a ambos como medida cautelar ante la eventualidad de que exista un conflicto de intereses. *Alicea Álvarez v. Valle Bello, Inc.*, 111 D.P.R. 847, 854 (1982).
>
> Sin embargo**, un examen cuidadoso refleja que en todos esos casos la sociedad legal fue expresamente demandada, objeto de alegaciones y emplazada. La necesidad de ese trámite se entiende al recordar que la sociedad de gananciales** --aunque "sui generis, de características especiales", *Torres v. A.F.F.*, 96 D.P.R. 648, 653 (1968)-- **es una entidad jurídica separada con**

> **personalidad propia y distinta de la de los cónyuges que la componen.** *Int'l Charter Mortgage Corp. v. Registrador*, supra, pág. 864. **Por ende, "no absorbe la personalidad individual de los cónyuges** ...". *Id.*, pág. 867.

*Id.*, pág. 594 (Énfasis suplido).

Nótese que, si bien hoy ya no es posible adquirir jurisdicción *in personam* sobre la sociedad de gananciales con el emplazamiento a uno solo de los cónyuges, desde hace más de cuarenta (40) años el Tribunal Supremo dictaminó que no basta tener en la demanda meras alegaciones contra la sociedad de gananciales, sino que es necesario demandarla y emplazarla expresamente, toda vez que su personalidad es distinta a sus miembros. En otras palabras, esa entidad jurídica "no absorbe la personalidad individual de los cónyuges". *Id.*, pág. 466; *Pagán Rodríguez v. Registradora*, 177 DPR 522, 542 (2009).

Asimismo, en *Vega v. Bonilla*, supra, el Tribunal Supremo volvió a enfrentar una controversia similar en la que se demandó a unos cónyuges y a la sociedad de gananciales compuesta por ellos, pero solo se emplazó a uno de los cónyuges. Así las cosas, se solicitó la desestimación de la reclamación contra la sociedad de gananciales porque no se emplazó a uno de los cónyuges y a la sociedad de gananciales. El Tribunal Supremo resolvió lo siguiente:

> **cuando en un pleito se demanda a ambos cónyuges y a la sociedad de bienes gananciales, para que el tribunal *adquiera jurisdicción sobre todos*, es necesario que se *emplace a todos.* El hecho de que se haya emplazado a uno o a ambos cónyuges no significa que automáticamente la sociedad de bienes gananciales haya quedado emplazada. Hay que tener presente que los tres (3) tienen personalidad jurídica propia e independiente. Para que la sociedad de bienes gananciales quede emplazada, del emplazamiento tiene que surgir que éste va dirigido a ella por conducto de uno o ambos cónyuges.**
>
> **En el caso de autos, del emplazamiento y su diligenciamiento surge con meridiana claridad que éste iba dirigido a traer ante el tribunal al codemandado Bonilla Vázquez. No se mencionó en parte alguna a la sociedad de bienes gananciales ni se aseveró que se le estaba emplazando por conducto de Bonilla Vázquez como su coadministrador. No se trajo ante el tribunal a dicha entidad.** Erraron, pues, tanto el tribunal de instancia como el Tribunal de Circuito al determinar que la sociedad de bienes gananciales había sido debidamente emplazada

por conducto de uno de sus coadministradores, Bonilla Vázquez.

*Id.*, págs. 592-593. (Énfasis suplido, itálico en original. Nota al calce omitida).

En fin, es claro que en el presente caso la reclamación va dirigida contra del señor Berríos Zayas, la señora Alvarado Rivera y la Sociedad de Gananciales compuesta por estos. En la medida en que todos son personas naturales y jurídicas distintas, se requiere que se les emplace a todos. No hay nada en la Regla 4.4(e), *supra*, que niegue el requisito de emplazar a la sociedad de gananciales. Todo lo contrario, la referida regla existe precisamente para disponer la manera en que debe llevarse a cabo el diligenciamiento del emplazamiento a esa entidad jurídica *sui generis*, pero con personalidad propia y separada de los cónyuges. Para lograr diligenciar correctamente este emplazamiento no se requiere un lenguaje específico y ni siquiera se requiere que se expida un tercer emplazamiento exclusivamente para la sociedad de gananciales. Sin embargo, sí debe incluirse algún lenguaje inteligible que le indique a la persona que lo recibe que se le está requiriendo, tanto a él como a la sociedad de gananciales de la cual es miembro, comparecer para presentar sus alegaciones y defensas en el pleito.

Es evidente que la parte recurrida incumplió con el requisito de emplazar a la Sociedad de Gananciales. Por tanto, concluimos que el foro primario cometió un claro error al declarar *No Ha Lugar* una solicitud de desestimación.

**-IV-**

Por los fundamentos previamente expuestos, se **expide** el recurso solicitado y se **revoca** la *Resolución* recurrida. Consecuentemente, conforme a la Regla 4.3(c) de Procedimiento Civil, *supra,* se desestima, sin perjuicio, y se archiva la causa de acción instada en la *Demanda* de epígrafe en contra de la Sociedad

de Gananciales compuesta por el señor Berríos Zayas y la señora Alvarado Rivera.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones