Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| PILAR PÉREZ RODRÍGUEZ<br><br>Apelante<br><br>v.<br><br>ONIER IZQUIERDO CAMACHO<br><br>Apelado | TA2026AP00077 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: CB2023CV00261<br><br>Sobre: Liquidación de Comunidad de Bienes Gananciales |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de abril de 2026.

Comparece mediante recurso de *apelación* la Sra. Pilar Pérez Rodríguez (señora Pérez Rodríguez o apelante). Nos solicita que revoquemos una *Sentencia Parcial* emitida el 4 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante el aludido dictamen, el Tribunal declaró Ha Lugar una *Solicitud de Sentencia Sumaria Parcial* presentada por el Sr. Onier Izquierdo Camacho (señor Izquierdo Camacho o apelado) en la que concluyó que ciertas acciones de Auto Stop, Inc. (Auto Stop) son de carácter privativo. Por los fundamentos que expondremos, confirmamos la *Sentencia Parcial* apelada.

El presente caso tuvo su génesis el 13 de abril de 2023 cuando la señora Pérez Rodríguez presentó una *Demanda* de liquidación de comunidad de bienes post-ganancial contra el apelado. Lo anterior,

luego de que ambas partes se divorciaran el 17 de septiembre de 2021.[1] En síntesis, alegó que, durante la vigencia del matrimonio, las partes adquirieron varios bienes muebles e inmuebles. Adujo que aportó al desarrollo y crecimiento de determinados negocios, entre ellos, Auto Stop, entidad para la cual trabajó sin ser remunerada por ello, alegadamente. Relató que, aunque había realizado esfuerzos para levantar un inventario de los bienes y activos adquiridos durante el matrimonio, desconoce la totalidad de los bienes, toda vez que el apelado no le mantenía al tanto. Por ello, solicitó al foro apelado la liquidación de la comunidad de bienes post-ganancial que mantenía con el señor Izquierdo Camacho.

El 21 de julio de 2023, el apelado presentó su *Contestación a Demanda*. En resumen, adujo que la apelante aseveró en la *Demanda* hechos que no correspondían a la realidad. Sostuvo que la apelante fue temeraria al presentar el pleito, puesto que la liquidación del haber post-ganancial se pudo haber realizado de manera extrajudicial. Plasmó los alegados bienes y deudas que las partes acumularon durante su matrimonio, y peticionó al Tribunal que ordenase la liquidación de la comunidad de bienes post-ganancial.

Superados varios incidentes procesales, el 17 de abril de 2024, se celebró una vista de conferencia inicial. Según surge de la *Minuta*, el foro apelado expresó que era apropiado determinar primero si en efecto hubo créditos en los negocios objeto de la presente controversia, y si la apelante era accionista o no de dichos negocios. Así las cosas, el 23 de julio de 2025, el señor Izquierdo Camacho presentó una *Solicitud*

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI), Caso Núm. CB2023CV00261, Entrada Núm. 1, Anejo 1 – Sentencia de Divorcio.

*de Sentencia Sumaria Parcial*. En resumen, argumentó que el 33% las acciones de Auto Stop fueron donadas a él gratuitamente por sus padres el 1 de noviembre de 2019, durante la vigencia del matrimonio en cuestión.[2] Por lo anterior, peticionó al Tribunal de Primera Instancia que dictase sentencia sumaria parcial y que determinase que las referidas acciones eran de carácter privativo. Asimismo, solicitó al foro apelado que declarase: 1) que el periodo susceptible de evaluación para cualquier incremento ganancial fuera del 1 de noviembre de 2019 al 29 de octubre de 2020; y 2) que la extinta Sociedad Legal de Bienes Gananciales fue debidamente compensada por sus labores, por lo que era improcedente alguna valoración adicional.

El 29 de agosto de 2025, la apelante presentó una *Oposición a Moción de Sentencia Sumaria Parcial por Falta de un Adecuado Descubrimiento de Prueba*. En suma, arguyó que, conforme a la documentación presentada por ambas partes, existían controversias sobre hechos esenciales que no habían sido dirimidas por una presunta falta de cooperación del apelado en la etapa del descubrimiento de prueba.

Posteriormente, el 4 de diciembre de 2025, el foro apelado emitió la *Sentencia Parcial* que nos ocupa a través de la cual declaró Ha Lugar la solicitud de sentencia sumaria parcial del apelado, pero solamente con respecto al carácter privativo del 33% de las acciones de Auto Stop. Concluyó que no existía controversia sustancial de hecho en cuanto a la titularidad de las referidas acciones, las cuales eran ostentadas por el señor Izquierdo Camacho. Razonó que, la prueba documental presentada demostraba de forma clara que las acciones fueron

---

[2] Véase, SUMAC-TPI, Caso Núm. CB2023CV00261, Entrada Núm. 181, Anejos 6-8.

adquiridas por el apelado mediante donación gratuita que le hicieron sus padres. Por tanto, determinó que, conforme al estado de Derecho vigente, estas acciones eran de carácter privativo.

Adicionalmente, dispuso que la señora Pérez Rodríguez "no presentó evidencia admisible que refute este hecho esencial, limitándose a cuestionamientos y argumentos que no satisfacen los requisitos específicos de la Regla 36.3 de Procedimiento Civil para controvertir los hechos propuestos en una moción de sentencia sumaria".[3] Sin embargo, estableció que el carácter privativo de las acciones no agotaba las controversias ventiladas en ese pleito, a saber: 1) un posible aumento en el valor de las acciones durante la vigencia de la Sociedad Legal de Bienes Gananciales; y 2) la existencia de posibles créditos o recompensas a favor de la mencionada sociedad por aportaciones económicas, garantías personales, o el uso de fondos comunes en beneficio de la entidad corporativa.

En desacuerdo, el 19 de diciembre de 2025, la apelante presentó una solicitud de reconsideración, la cual fue declarada No Ha Lugar el 22 de diciembre de 2025. Inconforme, el 21 de enero de 2026, la señora Pérez Rodríguez presentó el recurso de *Apelación* que nos atañe, mediante el cual aseveró que el foro apelado erró y abusó de su discreción: 1) al acoger la solicitud de sentencia sumaria parcial presentada por el apelado, pues la apelante no ha realizado un descubrimiento de prueba adecuado por la alegada obstrucción y dilación del señor Izquierdo Camacho; y 2) al concluir que el 33% de las acciones de Auto Stop son de carácter privativo, sin haber permitido con anterioridad un descubrimiento de prueba adecuado.

---

[3] Véase, SUMAC-TPI, Caso Núm. CB2023CV00261, Entrada Núm. 256, pág. 14.

El 12 de febrero de 2026, el apelado presentó su *Alegato* en oposición, el cual fue subsiguientemente enmendado el 14 de febrero de 2026, a los fines de corregir ciertos errores en el orden de los números del apéndice e índice. En esencia, alegó que la señora Pérez Rodríguez ha tenido vastas oportunidades para descubrir prueba y que el foro apelado no abusó de su discreción, puesto que los hechos materiales propuestos como incontrovertidos, no fueron debidamente refutados. Con respecto al segundo señalamiento de error, el señor Izquierdo Camacho sostuvo que la apelante no cumplió con los requisitos de la Regla 36 de Procedimiento Civil, limitándose a argumentar sin prueba que sostuviese sus planteamientos.

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

Vale destacar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario

dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla 36.3(b)(2) de Procedimiento Civil, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al*., 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición

cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Cónsono con lo anterior, el foro de primera instancia especificará en todos los pleitos los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda, incluyendo en aquellas ocasiones que se deniegue total o parcialmente una moción de sentencia sumaria. Regla 42.2 de Procedimiento Civil, *supra*. Véase, también, Regla 36.4 de Procedimiento Civil, *supra*. Sin embargo, esto no será necesario (1) cuando el tribunal resuelva mociones de defensas u objeciones, sentencia sumaria, o cualquier otra moción, excepto en casos de desestimación; (2) en casos de rebeldía; (3) cuando las partes así lo estipulen; o (4) cuando el tribunal así lo estime por la naturaleza de la causa de acción o el remedio concedido en la sentencia. Íd. Regla 42.2. Véase, también, Reglas 10, 36.1, 36.2 y 39.2 de Procedimiento Civil, *supra*. Sabiendo esto, nuestro ordenamiento reconoce que una vez expiran los términos para apelar una sentencia, la misma adviene final y firme. *Money's People Inc. v. López Llanos*, 202 DPR 889 (2019) (citando a *Rivera v. Algarín*, 159 DPR 482 (2003)).

Ahora bien, nuestro ordenamiento considera como bienes gananciales aquellos (1) adquiridos a título oneroso y a costa del caudal común; (2) obtenidos por el trabajo o la industria de cualquiera de los cónyuges; (3) frutos que producen tanto los bienes privativos como los bienes comunes y gananciales; (4) adquiridos por el derecho de retracto,

con carácter ganancial; y (5) empresas creadas o fundadas durante la vigencia de la sociedad por cualquiera de los cónyuges, a expensas de los bienes comunes. Art. 513 del Código Civil de 2020 (31 LPRA sec. 6965). Similarmente, serán gananciales (1) el lucro cesante, los beneficios marginales y las compensaciones especiales que reciben los cónyuges por razón de su empleo o profesión, siempre que no tengan carácter personalísimo; (2) el producto o resultado económico de las obras e inventos intelectuales y artísticos que cualquiera de los cónyuges desarrolle durante la vigencia de la sociedad; (3) las ganancias obtenidas por cualquiera de los cónyuges en el juego lícito o las procedentes de otras causas que eximen de la restitución; y (4) los bienes donados o dejados en testamento a los cónyuges conjuntamente y sin especial designación de partes. Íd., sec. 6966.

En cambio, se considerarán como bienes privativos de cada uno de los cónyuges aquellos, entre otros, (1) que le pertenecen desde antes de contraer matrimonio, o desde antes de que la sociedad adquiera vigencia si esta se establece después; (2) adquiridos por título gratuito durante la vigencia de la sociedad, sea por donación, por legado o por herencia; (3) adquiridos a costa o en sustitución de otros bienes privativos; (4) bienes y los derechos patrimoniales inherentes a su persona y los no transmisibles o indisponibles en vida a favor de un tercero; (5) resarcimientos por los daños inferidos a su persona o a sus bienes privativos; (6) cantidades o los créditos adquiridos antes de la vigencia de la sociedad y pagaderos en cierto número de años, aunque las sumas vencidas se reciban durante la vigencia de esta; y (7) adquiridos por el derecho de retracto sobre bienes que le pertenecían antes de estar vigente la sociedad. Íd., sec. 6961. De manera similar,

nuestro Tribunal Supremo ha dictaminado que la pensión por Seguro Social es de carácter privativo y, por tanto, no podrán ser divididos entre los cónyuges al liquidarse los bienes del matrimonio. *Vega v. Soto*, 164 DPR 113 (2005). Véase *Hisquierdo v. Hisquierdo*, 439 US 572 (1979).

Sabido lo anterior, la sociedad legal de gananciales es el régimen matrimonial que conlleva la consecución de los fines particulares del matrimonio. *Montalván v. Rodríguez*, 161 DPR 411 (2004) (citando a *Int'l Charter Mortgage Corp. v. Registrador*, 110 DPR 862 (1981); *García v. Montero Saldaña*, 107 DPR 319 (1978)). Los cónyuges son codueños y coadministradores de la totalidad del patrimonio matrimonial, sin distinción de cuotas. Íd. No obstante, la disolución matrimonial provoca el desvanecimiento de la sociedad legal de gananciales y la creación de una comunidad de bienes compuesta por todos los bienes del haber antes ganancial, en la cual cada excónyuge posee una mitad de las ganancias, con el correspondiente derecho a intervenir en la administración de la comunidad y a pedir su división. Íd. (citando a J.L. Lacruz Berdejo, *Elementos de Derecho Civil*, Barcelona, Ed. Bosch, 1997, pág. 353). Véase Art. 539 del Código Civil de 2020 (31 LPRA sec. 7018); *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967 (2010). Esta comunidad existirá hasta tanto se liquide finalmente la sociedad de gananciales. Íd.

Al proceder con la liquidación de una sociedad legal de gananciales, se deberá hacer un inventario del activo y pasivo que tiene desde la fecha de su disolución. Art. 533 del Código Civil de 2020 (31 LPRA sec. 7012). El activo comprende (1) los bienes comunes y gananciales existentes en el momento de la disolución; (2) el importe

actualizado del valor que tenían los bienes al ser enajenados por actos o negocios ilegales o fraudulentos, si no han sido recuperados; y (3) el importe actualizado de las cantidades pagadas por la sociedad que sean de cargo solo de un cónyuge y, en general, las que constituyen créditos de la sociedad contra este. Íd., sec. 7013. En cambio, el pasivo conlleva (1) las deudas pendientes a cargo de la sociedad; (2) el importe actualizado del valor de los bienes muebles privativos, cuando su restitución deba hacerse en efectivo, por haberse gastado en interés de la sociedad; y (3) el importe actualizado de las cantidades que, habiendo sido pagadas por uno solo de los cónyuges, son de cargo de la sociedad y, en general, las que constituyen créditos de los cónyuges contra la sociedad. Íd., sec. 7014. Los referidos créditos constituyen aquellas deudas que un excónyuge le debe a otro o a la sociedad legal de gananciales por los cambios y las operaciones que ocurrieron en el haber común durante el matrimonio. *Roselló Puig v. Rodríguez Cruz*, 183 DPR 81 (2011) (citando a *Montalván v. Rodríguez*, *supra*).

Luego de un examen minucioso del expediente ante nuestra consideración, concluimos que no le asiste la razón a la parte apelante. No advertimos que el Tribunal de Primera Instancia haya abusado de su discreción al resolver de manera sumaria que el 33% de las acciones de Auto Stop son de carácter privativo, toda vez que le fueron donadas gratuitamente al apelado durante la vigencia del matrimonio. La prueba presentada por el señor Izquierdo Camacho en su solicitud de sentencia sumaria parcial, demuestra con meridiana claridad que sus padres, en efecto, cedieron de forma gratuita a este y sus hermanos las acciones en cuestión. La señora Pérez Rodríguez intentó refutar la prueba presentada por el apelado con un Informe Anual de la entidad

corporativa emitido en el año 2007. Mediante el aludido Informe, pretende argüir que a esa fecha no se desprendía del documento la existencia de las acciones. Sin embargo, surge de la página web del Departamento de Estado que en el 2019 —año en el que le fueron cedidas las acciones al apelado— Auto Stop contaba con las acciones comunes donadas.[4]

Además, el foro apelado determinó que aun subsistían controversias que no se podían resolver de forma sumaria, tales como el posible aumento en el valor de las acciones durante la vigencia de la Sociedad Legal de Bienes Gananciales, y la existencia de posibles créditos o recompensas a favor de la Sociedad. El Tribunal aquilatará la prueba que se le presente y dispondrá de esas controversias en su momento. Adicionalmente, al revisar *de novo* la solicitud de sentencia sumaria parcial, su oposición, y la prueba documental acompañada, debemos señalar que la apelante se limitó a realizar alegaciones generalizadas, sin detallar la evidencia admisible que sostiene sus argumentos con cita a las páginas pertinentes. Al refutar los hechos propuestos como incontrovertidos por el apelado, solamente citó tres (3) de los cuatro (4) anejos acompañados en su moción en oposición. Lo anterior constituye un evidente incumplimiento con los requisitos de forma estatuidos en la Regla 36.3(b)(2) de Procedimiento Civil, *supra*.

La señora Pérez Rodríguez arguye, además, que el apelado ha obstaculizado la etapa del descubrimiento de prueba, sin presentar ulterior evidencia que sostenga ese planteamiento. Aunque el caso de

---

[4] Véase, Departamento de Estado, *Información de Corporación*, https://rcp.estado.pr.gov/es/entity-information?c=162885-111 (última visita, 23 de febrero de 2026).

epígrafe ha tenido, ciertamente, un descubrimiento de prueba extenso, las entradas de los autos electrónicos citadas por la apelante solo demuestran los incidentes procesales acaecidos entre las partes durante dicha etapa. Inclusive, se desprende del expediente que, en febrero de 2024, el Tribunal ordenó la imposición de sanciones económicas a la parte apelada por incumplir con los términos concedidos por este, relacionados a la entrega de un informe para el manejo del caso y las contestaciones a un pliego de interrogatorio. La aludida sanción fue pagada por el apelado.[5] Además, el foro impugnado ha apercibido a *ambas partes* sobre la imposición de sanciones severas en caso de incumplimiento con las órdenes dictadas por este.[6] Por tanto, disponemos que los argumentos esgrimidos por la apelante no nos motivan a revocar el dictamen aquí impugnado.

Por los fundamentos antes expresados, confirmamos la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] Véase, SUMAC-TPI, Caso Núm. CB2023CV00261, Entradas Núm. 37, 39, 41 y 44.
[6] Íd., Entradas Núm. 113 y 123.