Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JESENIA RIVERA TORRES<br><br>Demandante Apelante<br><br>v.<br><br>JASON OMAR RAMOS RIVERA<br><br>Demandado Apelado | TA2025AP00677 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Civil Núm.: AÑ2025CV00191<br><br>Sobre: Liquidación de Bienes Gananciales |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece la señora Jesenia Rivera Torres mediante recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Añasco, emitida el 13 de noviembre de 2025. En dicho dictamen, se determinó que los pagos realizados respecto a un vehículo eran de carácter privativo y se ordenó el reembolso de la suma de cinco mil trescientos sesenta y un dólares ($5,361.00). Por los fundamentos que expresaremos, confirmamos la *Sentencia* recurrida.

En síntesis, la señora Rivera Torres y el señor Jason Omar Ramos Rivera convivieron por un período de más de veinticinco (25) años. Entre tanto, el 7 de julio de 2020 el señor Ramos Rivera adquirió un Jeep Wrangler de 2018 a nombre de la apelante, comenzando así un pago mensual de seiscientos noventa y nueve dólares con ochenta y uno

centavos ($699.81), con algunas variaciones. Igualmente, el apelado adquirió a su nombre una póliza de seguro de la Cooperativa de Seguros Múltiples de Puerto Rico sobre el vehículo.

Posteriormente, el 22 de abril de 2021 ambas partes contrajeron matrimonio mediante una Sociedad Legal de Gananciales, continuando así con los pagos requeridos para el vehículo. Mientras tanto, el 8 de septiembre de 2022, se adquirió de Island Finance LLC, y a nombre del señor Ramos Rivera, un préstamo con un eventual balance adeudado de diez mil setecientos veintidós ($10,722.00). Según la *Minuta* del 15 de septiembre de 2025, la señora Rivera Torres alegó que este préstamo fue para uso personal del señor Ramos Rivera, mientras que dicho apelado argumentó que fue también para atender las deudas de la apelante.

El 16 de diciembre de 2024, mediante una *Resolución* al amparo de la Ley Núm. 40 de 23 de julio de 1974, el Tribunal de Primera Instancia concedió la posesión provisional del vehículo a la apelante por un término de seis (6) meses. El 10 de febrero de 2025, durante el periodo de la posesión referida, ambas partes se divorciaron mediante sentencia. Consecuentemente, el 20 de junio de 2025, la apelante radicó una demanda sobre liquidación de bienes gananciales.

Aunque las partes llegaron a acuerdos sobre algunos de los bienes, persistió una controversia en cuanto al vehículo Jeep y un préstamo, entre otros. Según se desprende de la *Minuta* del 23 de septiembre de 2025 y las determinaciones de hechos de la *Sentencia* recurrida, la señora Rivera Torres era la tutora del señor Ramos Rivera ante la Administración del Seguro Social y era la designada para administrar los fondos que éste recibía de Seguro Social por

incapacidad. Asimismo, durante el proceso judicial antes de la *Sentencia*, la apelante falló en presentar evidencia de sus planillas para evaluar la posibilidad de unos créditos, ya que la señora Rivera Torres declaró que tenía negocio propio de uñas y trabajaba como enfermera.

Luego de las partes testificar en corte abierta y otros trámites procesales, el Tribunal recurrido emitió *Sentencia* y determinó que, entre otros asuntos, (1) la Sociedad Legal de Gananciales no podrá reclamar un crédito a su favor por los pagos realizados al vehículo con fondos del Seguro Social; y (2) por el préstamo estar a nombre del apelado, la apelante deberá reembolsar a éste la suma de cinco mil trescientos sesenta y un dólares ($5,361.00) para liquidar su parte de la deuda. Ante una solicitud de reconsideración de la apelante—y en el cual, por primera vez, presenta evidencia de su estado de condición financiera—el Tribunal recurrido resolvió sin lugar.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) no resolver el asunto respecto al vehículo mediante equidad y considerar los pagos del vehículo como privativos; (2) no resolver la controversia respecto a los créditos pagados luego del divorcio por la parte apelante; y (3) incluir el préstamo personal de la parte apelada, aun cuando no se presentó evidencia del mismo y se había expresado que las deudas serían pagadas por cada parte. Presentada la oposición de la parte apelada, y sin haberse entregado alguna transcripción, resolvemos.

Vale recordar que en nuestro ordenamiento jurídico se presume que los tribunales actúan con corrección, por lo que compete a la parte apelante la obligación de demostrar lo contrario. *Morán v. Martí*, 165 DPR 356 (2005) (*Per Curiam*). Dicho de otro modo, los foros

apelativos debemos otorgar gran deferencia a las determinaciones de hechos, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los foros primarios. *SLG Fernández-Bernal v. RAD-MAN*, 208 DPR 310 (2021). Ello responde a que es el foro primario quien ve, escucha y aprecia la conducta de los testigos y, por tanto, está en mejor posición para evaluar y aquilatar la prueba presentada en el juicio. *Pena Rivera v. Pacheco Caraballo*, 213 DPR 1009 (2024) (citando a *Ortiz Ortiz v. Medtronic*, 209 DPR 759 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194 (2021)). Esto incluye cuando la evidencia directa de un testigo le merece entero crédito al Tribunal de Primera Instancia, lo cual, por efecto, se consideraría como prueba suficiente de cualquier hecho. *Sucn. Rosado v. Acevedo Marrero*, 196 DPR 884 (2016) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Meléndez Vega v El Vocero de PR*, 189 DPR 123 (2013)). Como consecuencia, los foros revisores no deben intervenir con las determinaciones de hechos de los jueces de instancia, salvo que medie error manifiesto, pasión, prejuicio o parcialidad. Íd. (citando a *Ortiz Ortiz v. Medtronic*, *supra*; *Santiago Ortiz v. Real Legacy et al.*, *supra*). Véase Regla 42.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Ahora bien, nuestro ordenamiento considera como bienes gananciales aquellos (1) adquiridos a título oneroso y a costa del caudal común; (2) obtenidos por el trabajo o la industria de cualquiera de los cónyuges; (3) frutos que producen tanto los bienes privativos como los bienes comunes y gananciales; (4) adquiridos por el derecho de retracto, con carácter ganancial; y (5) empresas creadas o fundadas durante la vigencia de la sociedad por cualquiera de los cónyuges, a expensas de

los bienes comunes. Art. 513 del Código Civil de 2020 (31 LPRA sec. 6965). Similarmente, serán gananciales (1) el lucro cesante, los beneficios marginales y las compensaciones especiales que reciben los cónyuges por razón de su empleo o profesión, siempre que no tengan carácter personalísimo; (2) el producto o resultado económico de las obras e inventos intelectuales y artísticos que cualquiera de los cónyuges desarrolle durante la vigencia de la sociedad; (3) las ganancias obtenidas por cualquiera de los cónyuges en el juego lícito o las procedentes de otras causas que eximen de la restitución; y (4) los bienes donados o dejados en testamento a los cónyuges conjuntamente y sin especial designación de partes. Íd., sec. 6966.

En cambio, se considerarán como bienes privativos de cada uno de los cónyuges aquellos, entre otros, (1) que le pertenecen desde antes de contraer matrimonio, o desde antes de que la sociedad adquiera vigencia si esta se establece después; (2) adquiridos por título gratuito durante la vigencia de la sociedad, sea por donación, por legado o por herencia; (3) adquiridos a costa o en sustitución de otros bienes privativos; (4) bienes y los derechos patrimoniales inherentes a su persona y los no transmisibles o indisponibles en vida a favor de un tercero; (5) resarcimientos por los daños inferidos a su persona o a sus bienes privativos; (6) cantidades o los créditos adquiridos antes de la vigencia de la sociedad y pagaderos en cierto número de años, aunque las sumas vencidas se reciban durante la vigencia de esta; y (7) adquiridos por el derecho de retracto sobre bienes que le pertenecían antes de estar vigente la sociedad. Íd., sec. 6961. De manera similar, nuestro Tribunal Supremo ha dictaminado que la pensión por Seguro Social es de carácter privativo y, por tanto, no podrán ser divididos

entre los cónyuges al liquidarse los bienes del matrimonio. *Vega Rivera v. Soto Silva*, 164 DPR 113 (2005). Véase *Hisquierdo v. Hisquierdo*, 439 US 572 (1979).

Sabido lo anterior, la sociedad legal de gananciales es el régimen matrimonial que conlleva la consecución de los fines particulares del matrimonio. *Montalván v. Rodríguez*, 161 DPR 411 (2004) (citando a *Int'l Charter Mortgage Corp. v. Registrador*, 110 DPR 862 (1981); *García v. Montero Saldaña*, 107 DPR 319 (1978)). Los cónyuges son codueños y coadministradores de la totalidad del patrimonio matrimonial, sin distinción de cuotas. Íd. No obstante, la disolución matrimonial provoca el desvanecimiento de la sociedad legal de gananciales y la creación de una comunidad de bienes compuesta por todos los bienes del haber antes ganancial, en la cual cada excónyuge posee una mitad de las ganancias, con el correspondiente derecho a intervenir en la administración de la comunidad y a pedir su división. Íd. (citando a J.L. Lacruz Berdejo, *Elementos de Derecho Civil*, Barcelona, Ed. Bosch, 1997, pág. 353). Véase Art. 539 del Código Civil de 2020, 31 LPRA sec. 7018; *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967 (2010). Esta comunidad existirá hasta tanto se liquide finalmente la sociedad de gananciales. Íd.

Al proceder con la liquidación de una sociedad legal de gananciales, se deberá hacer un inventario del activo y pasivo que tiene desde la fecha de su disolución. Art. 533 del Código Civil de 2020, 31 LPRA sec. 7012. El activo comprende (1) los bienes comunes y gananciales existentes en el momento de la disolución; (2) el importe actualizado del valor que tenían los bienes al ser enajenados por actos o negocios ilegales o fraudulentos, si no han sido recuperados; y (3) el

importe actualizado de las cantidades pagadas por la sociedad que sean de cargo solo de un cónyuge y, en general, las que constituyen créditos de la sociedad contra este. Íd., sec. 7013. En cambio, el pasivo conlleva (1) las deudas pendientes a cargo de la sociedad; (2) el importe actualizado del valor de los bienes muebles privativos, cuando su restitución deba hacerse en efectivo, por haberse gastado en interés de la sociedad; y (3) el importe actualizado de las cantidades que, habiendo sido pagadas por uno solo de los cónyuges, son de cargo de la sociedad y, en general, las que constituyen créditos de los cónyuges contra la sociedad. Íd., sec. 7014. Los referidos créditos constituyen aquellas deudas que un excónyuge le debe a otro o a la sociedad legal de gananciales por los cambios y las operaciones que ocurrieron en el haber común durante el matrimonio. *Roselló Puig v. Rodríguez Cruz*, 183 DPR 81 (2011) (citando a *Montalván v. Rodríguez, supra*).

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al caracterizar el vehículo en controversia como un bien privativo pagado de fondos privativos, así como al ordenar la liquidación de la deuda del préstamo en partes iguales. Del expediente no solo se desprende que el vehículo Jeep Wrangler del 2018 fue adquirido a nombre del apelado, sino además que la apelante no demostró, de manera oportuna, evidencia sobre su contribución al pago del vehículo. Igualmente, tanto en cuanto al vehículo, como con respecto al préstamo de Island Finance, la señora Rivera Torres omitió incluir alguna transcripción o evidencia para fundamentar sus argumentos; esto a pesar de hacer referencia a los testimonios de las partes y de aludir a una ausencia de prueba fehaciente. Consecuentemente, por todos los planteamientos de error estar atados

a la evaluación de la prueba, además de que el préstamo también en controversia se adquirió durante la vigencia del matrimonio, diferimos nuestro criterio a la evaluación administrada por el Tribunal recurrido de la evidencia y los testimonios que se le fue presentado.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones